HOLLAND & KNIGHT LLP
Thomas E. Hill (SBN 100861)
John H. Haney (SBN 299970)
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Telephone:  213.896.2400
Fax:  213.896.2450
E-mail:  thomas.hill@hklaw.com
          john.haney@hklaw.com

Attorneys for Defendant
ILLINOIS TOOL WORKS INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD M. EHRENBERG, CHAPTER 7 TRUSTEE FOR JESUS LOPEZ,<br><br>          Plaintiff,<br><br>     vs.<br><br>ILLINOIS TOOL WORKS INC., a corporation; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.<br><br>**DEFENDANT ILLINOIS TOOL WORKS INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>[Removal of Los Angeles County Superior Court Case No. 22STCV22714] |

DEFENDANT ILLINOIS TOOL WORKS INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF HOWARD M. EHRENBERG, CHAPTER 7 TRUSTEE FOR JESUS LOPEZ, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Illinois Tool Works Inc. ("ITW") hereby removes the action styled *Howard M. Ehrenberg, Chapter 7 Trustee for Jesus Lopez v. Illinois Tool Works Inc.*, Case No. 22STCV22714, now pending in the Superior Court of the State of California, County of Los Angeles (hereinafter the "State Court Action"), to the United States District Court for the Central District of California, and does so on the following grounds:[1]

## JURISDICTION AND VENUE

1. ITW asserts that the State Court Action is a civil action over which this Court has jurisdiction under 28 U.S.C. § 1332. Removal is proper under 28 U.S.C. § 1441 because this is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. This Court is the judicial district and division embracing the place where the State Court Action was brought and is pending. Plaintiff Howard M. Ehrenberg, Chapter 7 Trustee for Jesus Lopez ("Plaintiff"), filed the pending State Court Action in the Superior Court of California in and for the County of Los Angeles, which is located within the geographical jurisdiction of this Court. Accordingly, under 28 U.S.C. §§ 84(c)(2) and 1441(a), venue properly lies in the United States District Court for the Central District of California, Western Division.

## PROCEDURAL BACKGROUND

3. On July 14, 2022, Plaintiff filed the State Court Action. Copies of the Summons, Complaint, related Court documents, and printout of the State Court

---

[1] ITW respectfully reserves the right to submit additional evidence in support of its factual allegations in response to any challenge to removal in this matter. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 553 (2014).

1

DEFENDANT ILLINOIS TOOL WORKS INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

1  Action docket, are filed concurrently herewith.  (Declaration of John H. Haney
2  ("Haney Decl."), ¶¶ 2-3, Exs. A-B.)
3        4.     On July 18, 2022, Plaintiff served ITW with copies of the Summons,
4  Complaint and related Court documents.  A true and correct copy of Plaintiff's
5  executed Proof of Service of Summons, Form POS-010, is attached to this Notice as
6  "Exhibit B."  (Haney Decl., ¶ 3, Ex. B).  Exhibits A and B constitute all process,
7  pleadings, and orders in the State Court Action.
8        5.     On August 16, 2022, ITW filed its Answer to Plaintiff's Complaint in
9  the State Court Action, and served Plaintiff on August 17, 2022.  (Haney Decl., ¶ 4,
10  Ex. C)

**TIMELINESS OF REMOVAL**

12        6.     Pursuant to 28 U.S.C. § 1446(b), this removal is timely because ITW is
13  filing this removal within thirty (30) days of its receipt of a copy of the Summons and
14  Complaint in the State Court Action.
15        7.     ITW is the only non-fictitious Defendant served with the Summons and
16  Complaint.

**COMPLETE DIVERSITY OF CITIZENSHIP EXISTS**

18        8.     The parties are completely diverse in this matter because Plaintiff is a
19  citizen of the State of California and ITW is a citizen of Delaware and Illinois.
20        9.     **Plaintiff's Citizenship**.  At the time this action was commenced and at
21  the time of removal, Plaintiff Howard M. Ehrenberg was and is a citizen of
22  California.  Plaintiff Ehrenberg alleges that he "is the Chapter 7 trustee . . . for Jesus
23  Lopez . . . and real party in interest in this action" and resides at 333 South Grand
24  Avenue, Suite 3400, Los Angeles, CA 90071.  (*See* Compl. at Ex. A.)  Plaintiff
25  Ehrenberg is listed at the same California address in the State Bar of California online
26  database, and the California Secretary of State online database.  (Haney Decl., ¶¶ 5-6,
27  Exs. D-E.)  Additionally, Jesus Lopez was and is a citizen of the State of California,

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

- 2 -
DEFENDANT ILLINOIS TOOL WORKS INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

as the Complaint alleges Jesus Lopez "is, and at all relevant times was, an adult male residing in Los Angeles County, California." (*See* Compl., ¶ 3.) *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, No. 1:05-CV-01187-022-GS, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (alleged place of residence provides "prima facie" proof of domicile); *Runaj v. Wells Fargo Bank*, 667 F.Supp.2d 1199, 1206 (S.D. Cal. 2009) ("Because the bankruptcy trustee controls the bankruptcy estate, it is the real party in interest in the suits that belong to the estate."); *Navarro Sav. Ass'n v. Lee* 446 U.S. 458, 464 (1980) ("[A] trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others.") (citation omitted).

10. **ITW's Citizenship**. ITW is a citizen of the States of Delaware and Illinois. Under 28 U.S.C. § 1332(c)(1), corporations "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." ITW is incorporated in the State of Delaware and its principal office is located in the State of Illinois. (*See* Declaration of Phillip McGovern ("McGovern Decl."), ¶ 3.)

11. **Doe Defendants**. Plaintiff has also named as defendants Does 1 through 10. For purposes of removal based on diversity, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b). *See Firstoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*,

- 3 -
DEFENDANT ILLINOIS TOOL WORKS INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

311 F.3d 966, 971 (9th Cir. 2002) (same). The existence of the alleged Doe defendants thus does not impact this Court's removal jurisdiction.

12. **Diversity**. Complete diversity of citizenship exists under 28 U.S.C. § 1332 because Plaintiff is a citizen of the State of California and ITW is a citizen of the States of Delaware and Illinois. Accordingly, removal is permissible under 28 U.S.C. § 1441(b)(2).

## AMOUNT IN CONTROVERSY

13. Without conceding that Plaintiff is entitled to the damages he seeks or that he can recover damages at all, the alleged amounts that Plaintiff has put in controversy through the State Court Action exceed $75,000, exclusive of interest and costs.

14. A defendant may remove a case to federal court under 28 U.S.C. § 1332(a) on the grounds that the amount in controversy exceeds $75,000 even when the plaintiff fails to set forth any specific damages amount. *See, e.g., Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002). The "more likely than not" standard is appropriate when a complaint does not allege a specific amount of damages. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir. 1996), *as amended on denial of reh'g and reh'g en banc* ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that [the statutory jurisdictional] amount.").

15. When determining the amount that a plaintiff has placed in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal citations and alteration omitted). A district court may consider the allegations of the complaint and the contents of the removal petition and any supporting evidence in determining whether the jurisdictional amount has been

established. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

16. ITW denies the merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the requested monetary and other relief. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or to other relief at all, ITW submits that it is more-likely-than-not that the amount in controversy in this action will exceed $75,000, exclusive of interest and costs, thus making removal of this action proper. *See* 28 U.S.C. § 1331(a).

17. Plaintiff's Complaint asserts claims for (1) "Disability Discrimination (Gov. Code, § 12940(a))", (2) "Disability Harassment (Gov. Code § 12940(j)", (3) Failure to Engage in a Timely, Good-Faith Interactive Process (Gov. Code, § 12940(n)", (4) "Failure to Provide Reasonable Accommodation (Gov. Code, § 12940(m)", (5) "Retaliation (Gov. Code, § 12940(h)", (6) "Failure to Prevent or Remedy Discrimination, Harassment, and/or Retaliation (Gov. Code, § 12940(k)", (7) "Interference with Rights under the California Family Rights Act (Gov. Code, § 12945.2)", (8) "Retaliation under the California Family Rights Act (Gov. Code, § 12945.2(k)", (9) "Retaliation in Violation of Labor Code Sections 1102.5(b)", and (10) "Wrongful Discharge in Violation Public Policy". (*See generally* Pl.'s Compl.) These claims allege that ITW violated the California Fair Employment and Housing Act ("FEHA"), the California Family Rights Leave Act ("CFRA"), and public policy, against former ITW employee Jesus Lopez.

18. In the Complaint's Prayer for Relief, Plaintiff seeks: (1) "past and present compensatory damages"; (2) "exemplary and punitive damages"; (3) "injunctive and equitable relief"; (4) "attorneys' fees and costs"; (5) "an award gross up to offset the tax consequences of any damages award"; and (6) "such other and further relief as the Court deems proper". (*See* Compl. "Prayer for Relief".)

- 5 -
DEFENDANT ILLINOIS TOOL WORKS INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

19. **Lost Wages.** Should Plaintiff prevail, Plaintiff would be entitled to, *inter alia*, back wages and future lost wages. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) (holding that the period for measuring back wages was from the date of termination to the date of removal); *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Teutscher v. Woodson*, 835 F.3d 936, 945-46 (9th Cir. 2016) ("One key component of economic loss is the income that the employee would have earned had she not been wrongfully discharged. Compensatory damages under California law thus may include as 'backpay' an award of 'lost-wages damages through the time of trial,' and 'as "front pay" an award of the salary and benefits a wrongfully demoted or discharged plaintiff would have earned from employment after the trial.") (internal citations omitted).

20. In this case, the alleged adverse action occurred, at the latest, on September 24, 2021, when ITW allegedly terminated Jesus Lopez. (*See* Pl.'s Compl. ¶ 21.) September 24, 2021 is approximately eleven months from the time of this Removal. Because the Complaint does not allege that Plaintiff mitigated his damages, the full amount of the back pay award in controversy must be included for purposes of calculating the amount of back wages. *See Rivera v. Costco Wholesale Corp.*, No. C 08-02202 CW, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008).

21. At the time of Plaintiff's separation from employment, Plaintiff earned a rate of $32.77 per hour. (*See* Declaration of John Fuja ("Fuja Decl."), ¶ 2.) In the last full year of employment that Jesus Lopez worked for ITW in 2020, he earned $66,625.12 in wages. (*See* Fuja Decl. ¶ 2.) Accordingly, given that Lopez earned an average of $5,552 per month, Lopez's claim for back wages between September 24, 2021 and the time of this removal, i.e. approximately eleven months, would be approximately $61,072.

22. In addition to back wages, an award of just one year of future lost wages to Plaintiff would amount to $66,625.12 in additional recovery, for a total of approximately $127,697.12 in lost wages when future and back wage losses are combined. *See Traxler v. Multnomah County*, 596 F.3d 1007, 1014-15 (9th Cir. 2010) (upholding district court's decision to award nearly four years of front pay in a wrong termination suit); *see also Glenn-Davis v. City of Oakland*, 2008 WL 410239, at *4 (N.D. Cal. Feb. 12, 2008) (finding three years of front pay "appropriate" in an employment suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same). Thus, Plaintiff's claim for lost wages alone exceeds the $75,000 threshold.

23. **Emotional Distress.** A defendant may introduce evidence of jury verdicts in cases involving analogous alleged facts to establish probable damages. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d at 1034. The alleged facts of such cases need not be "perfectly analogous," however, to meet the "more-likely-than-not" standard. *See id*. Applicable precedent demonstrates that emotional distress and other compensatory damages in cases involving FEHA, CFRA, and common-law claims like those at issue here can be substantial.

24. For example, in *Kolas v. Access Business Group LLC*, the jury awarded the plaintiff $200,000 in emotional distress damages for wrongful termination. *See generally Kolas v. Access Bus. Grp. LLC*, No. BC362432, 2008 WL 496470 (Los Angeles Super. Ct., 2015) (reporting jury verdict dated Jan. 14, 2008). In *Lopez v. Bimbo Bakeries USA Inc.*, the jury awarded the plaintiff $122,000 in emotional distress damages for wrongful termination (based on a violation of FEHA). *See Lopez v. Bimbo Bakeries USA Inc.*, No. CGC05445104, 2007 WL 4339112 (San Francisco Super. Ct., 2007) (reporting jury verdict dated June 21, 2007). And, in *Rivera v. Costco Wholesale Corp.*, the District Court noted that "the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude

- 7 -
DEFENDANT ILLINOIS TOOL WORKS INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

the court from noting that these damages are potentially substantial[.]" *Rivera v. Costco Wholesale Corp.*, No. C 08-02202 CW, 2008 WL 2740399, at *3 (N.D. Cal., July 11, 2008) (quoting *Richmond v. Allstate, Ins. Co.,* 897 F. Supp. 447 (S.D. Cal. 1995)).

25.  **Punitive Damages.**  Punitive damages may also potentially be recovered by a Plaintiff bringing FEHA, CFRA, and wrongful termination claims. *See, e.g., Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167, 176-77 (1980); *Freund v. Nycomed Amersham,* 347 F.3d 752, 759-760 (9th Cir. 2003); *Rojo v. Kliger,* 52 Cal. 3d 65, 80-81 (1990).  Punitive damages are calculated on the basis of the actual harm inflicted on Plaintiff, which would include both economic damages and the emotional distress for the alleged tortious conduct.  *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).  As the Court of Appeal noted in *Wysinger v. Automobile Club of So. Calif,* 157 Cal. App. 4th 413, 429 (2007), *reh'g denied, review denied*, an award of punitive damages "falls within the range of multipliers that are commonly used to achieve the goals of punitive damages."

26.  **Attorneys' Fees.**  Plaintiff also claims statutorily-entitled attorneys' fees. (*See, e.g.,* Compl., ¶¶ 34, 45, 55, 63, 71, 81, 92, 100)  "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  Attorneys' fees relating to employment discrimination, retaliation, and wrongful termination claims can amount to well more than the jurisdictional amount in controversy, standing alone.  *See, e.g., Denenberg v. Cal. Dep't of Transp.*, No. GIC836582, 2006 WL 5305734 (Cal. Super. Sept. 16, 2006) (attorneys' fee award of $490,000 for claims including discrimination, harassment, and retaliation); *McMillian v. City of Los Angeles*, No. BC298898, 2005 WL 3729094 (Cal. Super. Mar. 21, 2005) (attorneys' fees award of $504,926 in case alleging discrimination and retaliation).  Accordingly, the amount in

- 8 -
DEFENDANT ILLINOIS TOOL WORKS INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

controversy with respect to Plaintiff's claim for attorneys' fees alone could readily exceed the $75,000 threshold.

27. Based on the amounts placed in controversy by Plaintiff's factual allegations and the claims asserted against ITW in Plaintiff's Complaint, it is clear that the amount in controversy in this case exceeds $75,000. *See also Rodriguez v. Home Depot, U.S.A.*, No. 16-cv-01945-JCS, 2016 WL 3902838, at *5 (N.D. Cal., July 19, 2016) (denying motion to remand based on damages that "more likely than not" exceed $75,000).

**NOTICE TO PLAINTIFF**

28. In accordance with 28 U.S.C. §1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

**WHEREFORE**, for all of the foregoing reasons, ITW hereby removes the State Court Action now pending in the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Dated: August 17, 2022

*/s/ John H. Haney*
HOLLAND & KNIGHT LLP
Thomas E. Hill
John H. Haney

Attorneys for Defendant
ILLINOIS TOOL WORKS INC.

- 9 -
DEFENDANT ILLINOIS TOOL WORKS INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

# PROOF OF SERVICE

STATE OF CALIFORNIA ) 
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 400 South Hope Street, 8th Floor Los Angeles, California 90071.

On **August 17, 2022**, I caused the foregoing document described as **DEFENDANT ILLINOIS TOOL WORKS INC.'S NOTICE OF REMOVAL OF CIVIL ACTION** to be served on the interested parties in this action as follows:

| |
|---|
| Tyler F. Clark, Esq.<br>CLARK EMPLOYMENT LAW, APC<br>16133 Ventura Boulevard, Suite 700<br>Encino, California 91436<br>Email: tyler@clarkemploymentlaw.com<br><br>Attorneys for Plaintiff |

**[ X ] (BY ELECTRONIC MAIL)** I caused the document to be sent via electronic mail to the above listed email address and the transmission was reported as complete and without error.

**[ X ] (BY MAIL)** Following ordinary business practices, I placed the document for collection and mailing at the offices of HOLLAND & KNIGHT LLP, 400 S. Hope Street, 8th Floor, Los Angeles, California 90071, in a sealed envelope. I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service, and, in the ordinary course of business, such correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.

**[ X ] (FEDERAL)** I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made.

Executed on **August 17, 2022**, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

_____
YVONNE CEBALLOS

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

PROOF OF SERVICE