1
2
3
4
5

HOLLAND & KNIGHT LLP
Thomas E. Hill (SBN 100861)
John H. Haney (SBN 299970)
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: 213.896.2400
Fax: 213.896.2450
E-mail: thomas.hill@hklaw.com
          john.haney@hklaw.com

6
7

Attorneys for Defendant
ILLINOIS TOOL WORKS INC.

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

| | |
|---|---|
| HOWARD M. EHRENBERG, CHAPTER 7 TRUSTEE FOR JESUS LOPEZ, <br><br> Plaintiff, <br><br> vs. <br><br> ILLINOIS TOOL WORKS INC., a corporation; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. <br><br> **DECLARATION OF JOHN H. HANEY IN SUPPORT OF DEFENDANT ILLINOIS TOOL WORKS INC.'S NOTICE OF REMOVAL OF CIVIL ACTION** <br><br> [Removal of Los Angeles County Superior Court Case No. 22STCV22714] |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I, JOHN H. HANEY, hereby declare as follows:

1.      I am an attorney-at-law duly licensed to practice before all courts in the State of California, and I am an associate with Holland & Knight LLP, counsel of record for Defendant Illinois Tool Works Inc. ("ITW") in this matter.  I have personal knowledge of the facts stated herein, and, if called as a witness in this matter, I could and would competently testify regarding those facts.  I make this declaration in support of ITW's Notice of Removal of Civil Action in the above-captioned matter.

2.      On July 14, 2022,  Plaintiff Howard M. Ehrenberg, Chapter 7 Trustee for Jesus Lopez ("Plaintiff"), filed the action styled *Howard M. Ehrenberg, Chapter 7 Trustee for Jesus Lopez v. Illinois Tool Works, Inc*., Case No. 22STCV22714, in the Superior Court of the State of California, County of Los Angeles (hereinafter the "State Court Action").  True and correct copies of the Summons and Complaint, related Court documents, and printout of the State Court Action docket, are attached as "Exhibit A".

3.      On July 18, 2022, Plaintiff served ITW with copies of the Summons, Complaint and related Court documents.  A true and correct copy of Plaintiffs' executed Proof of Service of Summons, Form POS-010, is attached as "Exhibit B." Exhibits A and B constitute all process, pleadings and orders in the State Court Action.

4.      On August 16, 2022, ITW filed its Answer to Plaintiff's Complaint in the Superior Court of the State of California, in and for the County of Los Angeles, and served on Plaintiff on August 17, 2022.  A true and correct copy of the Answer is attached as "Exhibit C."

5.      On August 17, 2022, I downloaded the Attorney Profile of Plaintiff Howard M. Ehrenberg from the State Bar of California online database.  A true and correct copy of the Attorney Profile is attached as "Exhibit D."

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

1

DECLARATION OF JOHN H. HANEY IN SUPPORT OF DEFENDANT
ILLINOIS TOOL WORKS INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

1    6.    On August 17, 2022, I downloaded the Statement of Information of

2 Plaintiff Howard M. Ehrenberg's law firm, SulmeyerKupetz, a Professional

3 Corporation, from the California Secretary of State's online database.  A true and

4 correct copy of the Statement of Information is attached as "Exhibit E."

5

6    I declare under penalty of perjury, under the laws of the United States of

7 America and the State of California, that the foregoing is true and correct.

8

9    Executed this 17th day of August, 2022, at Sierra Madre, California.

10

11    _/s/ John H. Haney_____
        John H. Haney

12

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -
DECLARATION OF JOHN H. HANEY IN SUPPORT OF DEFENDANT
ILLINOIS TOOL WORKS INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

# EXHIBIT A

# TO HANEY DECLARATION

Electronically FILED by Superior Court of California, County of Los Angeles on 07/14/2022 10:53 AM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Ruiz,Deputy Clerk
22STCV22714

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ILLINOIS TOOL WORKS INC, a corporation, and DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Howard M. Ehrenberg, Chapter 7 Trustee for Jesus Lopez

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):*  Los Angeles County Superior Court | 22STCV22714 |
| Stanley Mosk Courthouse | |
| 111 North Hill Street, Los Angeles, California 90012 | Sherri R. Carter Executive Officer / Clerk of Court |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Tyler Clark, Clark Employment Law, APC, 16133 Ventura Blvd., #700, Encino, CA 91436 (818) 741-2101

| DATE: 07/14/2022 | Clerk, by | S. Ruiz | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* ILLINOIS TOOL WORKS INC, a corporation

   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

EXHIBIT A - Page 3

chronically FILED by Superior Court of California, County of Los Angeles on 07/14/2022 ... by Sherri R. Carter, Executive Officer/Clerk of Court, by S. Ruiz,Deputy Clerk

22STCV22714

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Gail Killefer

1    Tyler F. Clark (SBN 258309)
2    **CLARK EMPLOYMENT LAW, APC**
     16133 Ventura Boulevard, Suite 700
3    Encino, California 91436
     Telephone:    (818) 741-2101
4    Facsimile:    (818) 561-3701
     Email: tyler@clarkemploymentlaw.com
5

6

7    Attorneys for Plaintiff
     Howard M. Ehrenberg, Chapter 7 Trustee for
8    Jesus Lopez

9
                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10
                          **COUNTY OF LOS ANGELES**
11

12   HOWARD M. EHRENBERG, CHAPTER          Case No.:  22STCV22714
     7 TRUSTEE FOR JESUS LOPEZ,
13                                         [Unlimited Jurisdiction]
                    Plaintiff,
14                                         COMPLAINT FOR DAMAGES
     v.
15                                         1.  Disability Discrimination (Gov. Code,
                                               § 12940(a));
16   ILLINOIS TOOL WORKS INC, a            2.  Disability Harassment (Gov. Code
     corporation; and DOES 1-10, inclusive,    § 12940(j));
17                                         3.  Failure to Engage in a Timely, Good-Faith
                    Defendants.                Interactive Process (Gov. Code, § 12940(n));
18                                         4.  Failure to Provide Reasonable
                                               Accommodation (Gov. Code, § 12940(m));
19                                         5.  Retaliation (Gov. Code, § 12940(h));
                                           6.  Failure to Prevent or Remedy
20                                             Discrimination, Harassment, and/or
                                               Retaliation (Gov. Code, § 12940(k));
21                                         7.  Interference with Rights under the California
                                               Family Rights Act (Gov. Code, § 12945.2);
22                                         8.  Retaliation under the California Family
                                               Rights Act (Gov. Code, § 12945.2(k));
23                                         9.  Retaliation in Violation of Labor Code
                                               Sections 1102.5(b); and
24                                         10. Wrongful Discharge in Violation of Public
                                               Policy
25
                                                   **[JURY TRIAL DEMANDED]**
26

27

28

                                    COMPLAINT

1    Plaintiff HOWARD M. EHRENBERG, CHAPTER 7 TRUSTEE FOR JESUS LOPEZ,

2    demanding a jury trial, brings this action against defendant ILLINOIS TOOL WORKS INC, a

3    corporation; and DOES 1-10 for general, compensatory, punitive, and statutory damages, costs and

4    attorneys' fees, resulting from defendants' unlawful conduct, and as grounds therefore alleges as

5    follows:

6                                                    **PARTIES**

7         1.    Plaintiff Howard M. Ehrenberg is the Chapter 7 trustee ("Trustee Ehrenberg") for

8    Jesus Lopez ("Mr. Lopez" or "Plaintiff") and real party in interest in this action.  Trustee Ehrenberg

9    was appointed as the Chapter 7 trustee after Mr. Lopez commenced his bankruptcy case, which as of

10   the day of the filing of this Complaint is still pending.  Thus, although Trustee Ehrenberg is the real

11   party in interest and true "Plaintiff"; he is the "Plaintiff" in name only.  Trustee Ehrenberg does not

12   have personal knowledge of the facts alleged in this Complaint as they relate to Mr. Lopez's

13   employment at defendant Illinois Tool Works Inc.

14        2.    On July 7, 2022, United States Bankruptcy Judge Sheri Bluebond approved the

15   Application of Trustee Ehrenberg to appoint Clark Employment Law, APC as Special Litigation

16   Counsel to represent Plaintiff/Trustee Ehrenberg in the Estate's claims and causes of action,

17   including the instant action. Attached hereto as **Exhibit A** is a copy of the Order Authorizing

18   Chapter 7 Trustee to Employ Clark Employment Law as Special Litigation Counsel.

19        3.    Mr. Lopez is, and at all relevant times was, an adult male residing in Los Angeles

20   County, California.

21        4.    At all times relevant to this complaint, on information and belief, defendant Illinois

22   Tool Works Inc ("Illinois Tool") was and is a Delaware corporation with its principal place of

23   business in Illinois and doing business in the County of Los Angeles in the State of California.

24   Further, Mr. Lopez was hired to perform work and did perform work for Illinois Tool, primarily in

25   Los Angeles County, California, wherein he alleges the unlawful employment practices that are the

26   subject of this Complaint took place.

27

28

5.      Plaintiff is informed and believes that Illinois Tool employs in excess of five employees in Los Angeles County and is an employer as defined by the California Fair Employment and Housing Act, California Government Code section 12900, et seq. (hereafter "the FEHA").

6.      Plaintiff is informed and believes that Illinois Tool is covered by and subject to the California Family Rights Act, California Government Code section 12945.2, because it directly employs five or more persons to perform services for a wage or salary.

7.      The true names and capacities of those individuals, corporations, associations, or other entities sued as DOES 1-10 are unknown to Plaintiff, who therefore sues these defendants by such fictitious names.  Plaintiff will seek leave of court to amend this Complaint to show their true names and capacities when ascertained.

8.      Plaintiff is informed, believes, and on that basis alleges, that each defendant sued under such fictitious names (DOES 1-10) is in some manner responsible for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the conduct of such defendants.

9.      Plaintiff is informed and believes and thereupon alleges that, at all times material herein, each defendant was functioning as the agent, servant, partner, employee and/or working in concert with his, her, or its co-defendant and was acting within the course and scope of such agency, partnership, employment and/or concerted activity.  To the extent that certain acts and omissions were perpetrated by certain defendants, the remaining defendants confirmed and ratified said acts and omissions of the co-defendants, and in doing the actions mentioned below were acting within the course and scope of his, her, or its authority as such agent, servant, partner, and employee with the permission, consent and ratification of the co-defendants.

10.      Whenever and wherever reference is made in this Complaint to any act or failure to act by a defendant or defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each defendant acting individually, jointly, and severally.  Whenever and wherever reference is made to individuals who are not named as plaintiff or defendants in this Complaint but who were employees/agents of defendants, such individuals at all relevant times acted on behalf of Defendants within the course and scope of their employment.

- 2 -
COMPLAINT

EXHIBIT A - Page 6

1      11.    Plaintiff is informed and believes and thereupon alleges that, at all times material

2    herein, defendants and each of them, and/or their agents/employees or supervisors, authorized,

3    condoned and ratified the unlawful conduct of each other.

4      12.    Plaintiff is informed and believes and thereupon alleges that, at all times material

5    herein, defendants, and/or their agents/employees knew or reasonably should have known that unless

6    they intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate,

7    discipline, and/or otherwise penalize the conduct of the employees of Defendants set forth above, the

8    remaining defendants and employees perceived the conduct and omissions as being ratified and

9    condoned.

10             **FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION**

11      13.    Plaintiff incorporates each allegation set forth in paragraphs 1 through 12.

12      14.    In or around April 2012, Mr. Jesus Lopez was hired by Defendant.  During all

13    relevant times, Mr. Lopez worked for Defendant as a Field Service Engineer.  Throughout his

14    employment, Mr. Lopez performed his job duties satisfactorily and received positive feedback from

15    his supervisor.

16      15.    In or around March 2021, Mr. Lopez was diagnosed with Bell's Palsy, which caused

17    paralysis on the left side of his face.  The disability also caused Mr. Lopez to experience muscle

18    weakness, blurred vision, fatigue and general weakness, which at times limited his ability to work.

19    Mr. Lopez's doctor placed him off work until April 5, 2021.  The medical note was provided to Mr.

20    Lopez's supervisor, Field Service Manager William Ethridge.

21      16.    On or about April 1, 2021, Mr. Lopez's doctor extended his off work status through

22    May 2, 2021.  Mr. Lopez again provided the medical note to his supervisor.

23      17.    In April 2021, Mr. Lopez developed tinnitus in his left ear and was subsequently

24    approved for short term disability benefits through Defendant's third-party benefits administrator

25    (The Hartford) through April 25, 2021.

26      18.    Mr. Lopez's doctor continued to request regular finite leaves on his behalf and said

27    notes were provided to his supervisor and The Hartford.  On or about July 7, 2021, Mr. Lopez's

28    doctor placed him off work until October 25, 2021.  Mr. Lopez provided the note to his supervisor

1    and The Hartford.

2        19.    On or around August 26, 2021, Mr. Lopez received a letter from Defendant's Human

3    Resources Manager Hadley Bafaro informing him that The Hartford had not approved his short term

4    disability benefits beyond April 25, 2021.  HR Manager Bafaro further stated that if The Hartford

5    did not approve his short term disability benefits by September 16, 2021 then Mr. Lopez may be

6    terminated.

7        20.    On or around August 30, 2021, Mr. Lopez signed an authorization allowing The

8    Hartford to obtain any and all medical records "for the purpose of evaluating and administering....

9    claim(s) for benefits and/or leave request(s) and/or request(s) for accommodation."  The

10   authorization further permitted The Hartford to disclose said information to his employer.

11   Moreover, Mr. Lopez confirmed that his medical information had in fact been submitted to The

12   Hartford.

13       21.    Nevertheless, on or about September 24, 2021, Mr. Lopez received a letter informing

14   him that his employment had been terminated because his claim for short term disability benefits

15   through The Hartford had not been approved beyond April 25, 202[1].  That same day, Mr. Lopez

16   contacted HR Bafaro and informed her that he had submitted medical documents placing him on

17   leave through October 25, 2021.  Mr. Lopez even offered to resubmit the information to her but was

18   informed that even if he did submit the documents he would not be reinstated.

19       22.    On July 13, 2022, Mr. Lopez/Plaintiff filed an administrative complaint with the

20   Department of Fair Employment & Housing concerning his causes of action under the Fair

21   Employment & Housing Act and received a "right-to-sue" letter that same day.  Attached hereto as

22   **Exhibit B** is a copy of Plaintiff's "right-to-sue" letter and verified complaint.

23                    **FIRST CAUSE OF ACTION**

24                    (DISABILITY DISCRIMINATION –

25   GOVERNMENT CODE § 12940(a) – AGAINST ALL DEFENDANTS)

26       23.    Plaintiff incorporates each allegation as set forth in paragraphs 1 through 22.

27       24.    At all times relevant herein, Plaintiff was an employee of Defendant.

28

25.     Defendant knew/thought that Plaintiff suffered from one or more physical disabilities or medical conditions and/or treated Plaintiff as if he had a physical disability or medical condition that limited his ability to perform major life activities, including but not limited to, working at times.

26.     Plaintiff was able to perform his essential job functions with reasonable accommodation for his physical disability or medical condition.

27.     Defendant discharged Plaintiff's employment and refused to reinstate him.

28.     Plaintiff's physical disability or medical condition and/or Defendant's belief that Plaintiff suffered from a physical disability or medical condition was a substantial motivating reason for Defendant's decision to take adverse employment actions against him, including but not limited to, failing to engage in a good-faith interactive process, failing to accommodate him, discharging his employment, and/or refusing to reinstate him.

29.     Defendant's conduct was a substantial factor in causing Plaintiff's harm.

30.     Such conduct is in violation of the FEHA and has resulted in damage and injury to Plaintiff as alleged herein.

31.     As a direct and foreseeable result of the aforesaid acts of defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.  Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

32.     As a result of the aforesaid acts of defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

33.     The above-described acts of defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard for Plaintiff's rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294.  Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at the time of trial.

34.     Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to the provision of the FEHA (Government Code Section 12900, et seq.), and by other statutory entitlements.

## SECOND CAUSE OF ACTION

(FAILURE TO ENGAGE IN A TIMELY, GOOD-FAITH INTERACTIVE PROCESS –
GOVERNMENT CODE § 12940(n) – AGAINST ALL DEFENDANTS)

35.     Plaintiff incorporates each allegation set forth in paragraphs 1 through 34.

36.     Defendant knew/thought that Plaintiff suffered from one or more physical disabilities or medical conditions and/or treated Plaintiff as if he had a physical disability or medical condition that limited his ability to perform major life activities, including but not limited to, working at times.

37.     Plaintiff requested that Defendant make reasonable accommodation for his disabilities so that he would be able to perform the essential job functions.

38.     Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential job functions.

39.     Defendant failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation could be made, which caused harm to Plaintiff.

40.     Defendant's failure to provide engage in a good-faith interactive process was a substantial factor in causing Plaintiff's harm.

41.     Such conduct is in violation of the FEHA and has resulted in damage and injury to Plaintiff as alleged herein.

42.     As a direct and foreseeable result of the aforesaid acts of defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.  Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

43.     As a result of the aforesaid acts of defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

44.     The above-described acts of defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard for Plaintiff's rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294.  Plaintiff requests an assessment of punitive damages against defendants, in an amount to be proven at the time of trial.

45.     Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to the provision of the FEHA (Government Code section 12900, et seq.), and by other statutory entitlements.

## **FOURTH CAUSE OF ACTION**

(FAILURE TO PROVIDE REASONABLE ACCOMMODATION –

GOVERNMENT CODE § 12940(m) – AGAINST ALL DEFENDANTS)

46.     Plaintiff incorporates each allegation as set forth in paragraphs 1 through 45.

47.     Defendant knew/thought that Plaintiff suffered from one or more physical disabilities or medical conditions and/or treated Plaintiff as if he had a physical disability or medical condition that limited his ability to perform major life activities, including but not limited to, working at times.

48.     Plaintiff was able to perform the essential duties of his original position or a vacant alternative position to which Plaintiff could have been reassigned with reasonable accommodation for his disabilities.

49.     Defendant failed to provide reasonable accommodation for Plaintiff's disabilities, which caused harm to Plaintiff.

50.     Defendant's failure to provide reasonable accommodation was a substantial factor in causing Plaintiff's harm.

51.     Such conduct is in violation of the FEHA and has resulted in damage and injury to Plaintiff as alleged herein.

52.     As a direct and foreseeable result of the aforesaid acts of defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.  Plaintiff

- 7 -
COMPLAINT

1   claims such amount as damages together with pre-judgment interest pursuant to Civil Code section

2   3287 and/or any other provision of law providing for pre-judgment interest.

3        53.     As a result of the aforesaid acts of defendants, Plaintiff claims general damages for

4   mental and emotional distress and aggravation in an amount to be proven at the time of trial.

5        54.     The above-described acts of defendants, by and through their managing agents,

6   officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional

7   manner in order to injure and damage Plaintiff and/or with a conscious disregard for Plaintiff's

8   rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning

9   of Civil Code section 3294.  Plaintiff requests an assessment of punitive damages against

10   Defendants, in an amount to be proven at the time of trial.

11        55.     Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to the

12   provision of the FEHA (Government Code Section 12900, et seq.), and by other statutory

13   entitlements.

14   **FIFTH CAUSE OF ACTION**

15   (RETALIATION –

16   GOVERNMENT CODE §12940(h) – AGAINST ALL DEFENDANTS)

17        56.     Plaintiff incorporates each allegation set forth in paragraphs 1 through 55.

18        57.     Defendant knew/thought that Plaintiff suffered from one or more physical disabilities

19   or medical conditions and/or treated Plaintiff as if he had a physical disability or medical condition

20   that limited his ability to perform major life activities, including but not limited to, working at times.

21   Plaintiff sought a reasonable accommodation, including but not limited to, time off for medical

22   appointments, recuperation, and/or to engage in a timely good-faith interactive process regarding a

23   reasonable accommodation under the FEHA.   Because of his disabilities, need for accommodation,

24   request for accommodation, taking medical leaves, his complaint about failure to accommodation,

25   discrimination and/or retaliation and/or his engaging in other protected activities, Defendant took

26   adverse employment actions against Plaintiff, including but not limited to, in failing to engage in a

27   good-faith interactive process, failing to accommodate him, discharging his employment, and/or

28   refusing to reinstate him.

58.    Plaintiff's disabilities and/or perceived disabilities, or his association with others with disabilities,  Plaintiff's need and/or Defendant's belief that Plaintiff needed a reasonable accommodation for his disabilities and/or perceived disabilities, Plaintiff's requests for reasonable accommodation, Plaintiff's attempts to engage in a timely good-faith interactive process, Plaintiff's complaint about failure to accommodate, discrimination and/or retaliation, or Plaintiff's engaging in other activities protected under the FEHA was a substantial motivating reason for Defendant's decision to take adverse employment actions against Plaintiff, which caused harm to Plaintiff.

59.    Defendant's conduct is in violation of the FEHA and has resulted in damage and injury to Plaintiff as alleged herein.

60.    As a direct and foreseeable result of the aforesaid acts of defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.  Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

61.    As a result of the aforesaid acts of defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

62.    The above-described acts of defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard for Plaintiff's rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294.  Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at the time of trial.

63.    Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to the provision of the FEHA (Government Code section 12900, et seq.), and by other statutory entitlements.

### SIXTH CAUSE OF ACTION

(FAILURE TO PREVENT OR REMEDY DISCRIMINATION, HARASSMENT, AND/OR RETALIATION – GOVERNMENT CODE § 12940(k) – AGAINST ALL DEFENDANTS)

64.    Plaintiff incorporates each allegation set forth in paragraphs 1 through 63.

EXHIBIT A - Page 13

65.     Plaintiff was subjected to discrimination, harassment, and/or retaliation in the course of his employment.

66.     Defendant failed to take all reasonable steps to prevent the discrimination, harassment, and/or retaliation, which caused harm to Plaintiff.

67.     Defendant's conduct is in violation of the FEHA and has resulted in damage and injury to Plaintiff as alleged herein.

68.     As a direct and foreseeable result of the aforesaid acts of defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.  Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

69.     As a result of the aforesaid acts of defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

70.     The above-described acts of defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard for Plaintiff's rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294.  Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at the time of trial.

71.     Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to the provision of the FEHA (Government Code section 12900, et seq.), and by other statutory entitlements.

## SEVENTH CAUSE OF ACTION

### (INTERFERENCE WITH RIGHTS UNDER THE CALIFORNIA FAMILY RIGHTS ACT – GOVERNMENT CODE §12945.2 – AGAINST ALL DEFENDANTS)

72.     Plaintiff incorporates each allegation set forth in paragraphs 1 through 71.

73.     Plaintiff was eligible for medical leave under the California Family Rights Act.

74.     Plaintiff requested and took leave for his own serious health condition, that made him unable to perform the functions of his job with Defendant.

75.   Plaintiff provided reasonable notice or notice as soon as reasonably possible to Defendant of his need for medical leave for his own serious health condition.

76.   Defendant violated the California Family Rights Act by doing one or more of the following: failing to advise Plaintiff about his leave rights and/or procedures regarding taking of protected leave, failing to timely respond to Plaintiff's requests for protected leave, failing to designate Plaintiff's leave as protected under California Family Rights Act, misclassified or failure to classify Plaintiff's protected leave, taking adverse action against Plaintiff because of protected absences and/or because of foreseeable future need for protected absences, interfering with Plaintiff's right to leave, refusing to return Plaintiff to the same or comparable job, terminating Plaintiff's employment, and/or refusing to reinstate him.

77.   Defendant's conduct is in violation of the California Family Rights Act and has resulted in damage and injury to Plaintiff as alleged herein.

78.   As a direct and foreseeable result of the aforesaid acts of defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.  Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

79.   As a result of the aforesaid acts of defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

80.   The above-described acts of defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard for Plaintiff's rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294.  Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at the time of trial.

81.   Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to the provision of the FEHA (Government Code section 12900, et seq.), and by other statutory entitlements.

**EIGHTH CAUSE OF ACTION**

(RETALIATION UNDER THE CALIFORNIA FAMILY RIGHTS ACT –

GOVERNMENT CODE § 12945.2(k) – AGAINST ALL DEFENDANTS)

82.     Plaintiff incorporates each allegation set forth in paragraphs 1 through 81.

83.     Plaintiff was eligible for medical leave under the California Family Rights Act.

84.     Plaintiff requested and/or took medical leave for his serious health conditions.

85.     Defendant took adverse employment actions against Plaintiff, including but not limited to, refusing to interact and accommodate him, discharging his employment and/or refusing to reinstate him, among other things, because of his taking and/or requesting medical leaves protected under the California Family Rights Act.

86.     Plaintiff's request for and/or taking of medical leave was a substantial motivating reason for Defendant's adverse employment actions against Plaintiff, including but not limited to, harassing him, refusing to interact and accommodate him, discharging his employment and/or refusing to reinstate him.

87.     Defendant's conduct is in violation of the California Family Rights Act and has resulted in damage and injury to Plaintiff as alleged herein.

88.     Defendant's retaliatory conduct was a substantial factor in causing Plaintiff's harm.

89.     As a direct and foreseeable result of the aforesaid acts of defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.  Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

90.     As a result of the aforesaid acts of defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

91.     The above-described acts of defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard for Plaintiff's rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning

EXHIBIT A - Page 16

of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at the time of trial.

92.     Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to the provision of the FEHA (Government Code section 12900, et seq.), and by other statutory entitlements.

## NINTH CAUSE OF ACTION

### (RETALIATION IN VIOLATION OF LABOR CODE SECTIONS 1102.5(b) – AGAINST ALL DEFENDANTS)

93.     Plaintiff incorporates each allegation set forth in paragraphs 1 through 92.

94.     At all times relevant to this Complaint, California Labor Code §1102.5 was in effect and applied to Defendants. Labor Code section 1102.5, subdivision (b) provides in part that an employer may not retaliate against any employee for disclosing information to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

95.     Plaintiff engaged in legally protected activity covered by section 1102.5, subdivision (b) by reporting what he reasonably believed and/or Defendants' fear that he would report what he reasonably believed to be unlawful conduct to Defendants' agents, officers, or directors who had authority over Plaintiff and/or over Defendants' employees with authority to investigate, discover, or correct the violations/noncompliance. Specifically, Plaintiff reported what he reasonably believed was Defendants' unlawful failure to interact and accommodate his disability, its retaliation/discrimination under the FEHA, and/or the termination of his employment in violation of the Fair Employment & Housing Act.

96.     Plaintiff's report to Defendants about what he reasonably believed was unlawful conduct and/or Defendant's belief that he might disclose unlawful conduct a resulted in retaliation against him as described herein.

97.    As a direct and foreseeable result of the aforesaid acts of Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

98.    As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

99.    The above-described acts of Defendants, by and through their managing agents, officers, or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner to injure and damage Plaintiff and/or with a conscious disregard for Plaintiff's rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294.  Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at the time of trial.

100.    As a proximate result of the foregoing conduct, which violated the provisions of Labor Code section 1102.5, subdivisions (b), Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proven at trial. Plaintiff is entitled to recover reasonable attorney's fees for bringing a successful action under this section. (Labor Code section 1102.5, subdivision (j)), and by other statutory entitlements.

101.    Pursuant to Labor Code section 1102.5, subdivision (f), an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of section 1102.5.

## TENTH CAUSE OF ACTION

### (WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY –

### AGAINST ALL DEFENDANTS)

102.    Plaintiff incorporates each allegation as set forth in paragraphs 1 through 101.

103.    Plaintiff's employment was terminated in violation of fundamental public policies of the State of California, including, without limitation the right to protections against discrimination because of a disability, the right to protections against harassment for his disability, the right to a timely good-faith interactive process, the right to reasonable accommodations for his disability, the

right to take statutory medical leave under the California Family Rights Act and/or Family and Medical Leave Act, the right to not be harassed, retaliated or discriminated against in violation of the FEHA, the right to not be retaliated against in violation of California Family Rights Act, the right to not be retaliated against in violation of Labor Code section 1102.5, as well as rights set forth in California Constitution, Article I, section 1, among others.  These fundamental public policies inure to the benefit of the public, and not just the private interests of the employer and employee.

104.    As set forth above, Defendants' conduct was wrongful and in violation of the fundamental public policy of the State of California as reflected in its laws, objectives and policies. Said laws, which establish these fundamental public policies include, without limitation: Government Code section 12940, et seq., Government Code section 12945.2, among others.

105.    As a direct and foreseeable result of the aforesaid acts of Defendants, Plaintiff lost and will continue to lose income and benefits in an amount to be proven at the time of trial.  Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

106.    As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

107.    The above-described acts of Defendants, by and through their managing agents, officers, or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard for Plaintiff's rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294.  Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at the time of trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Jesus Lopez prays for judgment against Defendants, jointly and severally, as follows:

**ON THE FIRST THROUGH TENTH CAUSES OF ACTION**

1.   For past and present compensatory damages according to proof and prejudgment interest thereon to the extent allowable by law;

2.   For exemplary and punitive damages according to proof;

3.   For injunctive and equitable relief;

4.   For attorneys' fees and costs of suit;

5.   For an award gross up to offset the tax consequences of any damages award; and

6.   For such other and further relief as the Court deems proper.

DATED: July 13, 2022          CLARK EMPLOYMENT LAW, APC

By: _____
                    Tyler F. Clark, Esq.
                    Attorneys for Plaintiff Jesus Lopez

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: July 13, 2022          CLARK EMPLOYMENT LAW, APC

By: _____
                    Tyler F. Clark, Esq.
                    Attorneys for Plaintiff Jesus Lopez

# EXHIBIT A



1 | HOWARD M. EHRENBERG
*hehrenberg@sulmeyerlaw.com*
2 | 333 South Grand Avenue, Suite 3400
Los Angeles, California 90071
3 | Telephone: 213.626.2311
Facsimile: 213.629.4510
4 |
5 | Chapter 7 Trustee

**FILED & ENTERED**

**JUL 07 2022**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli DEPUTY CLERK

6 |
7 |
8 | **UNITED STATES BANKRUPTCY COURT**
9 | **CENTRAL DISTRICT OF CALIFORNIA**
10 | **LOS ANGELES DIVISION**

11 | In re                                   Case No.: 2:21-bk-18335-BB
12 | JESUS LOPEZ and                          Chapter 7
LIZETTE SOCORRO LOPEZ,,
13 |                                          **ORDER AUTHORIZING CHAPTER 7**
         Debtors.                            **TRUSTEE TO EMPLOY CLARK**
14 |                                          **EMPLOYMENT LAW AS SPECIAL**
                                             **LITIGATION COUNSEL**
15 |
                                             DATE:    [No Hearing Requested]
16 |                                          TIME:    [No Hearing Requested]
                                             PLACE:   Courtroom 1668
17 |                                                   255 E. Temple Street
                                                      Los Angeles, CA 90012
18 |
19 |
20 |       On June 3, 2022, Howard M. Ehrenberg, the duly appointed, authorized, and acting Chapter
21 | 7 Trustee ("Trustee") in the above-captioned bankruptcy case (the "Estate"), filed an Application to
22 | Employ Clark Employment Law, APC ("CEL"), as special litigation counsel (Docket No. 25, the
23 | "Application") to represent the Trustee in the Estate's claims and causes of action.  The Trustee also
24 | filed a Notice of Opportunity to Request a Hearing on the Application (Docket No. 26).
25 |       No oppositions to the Application were filed.  On June 22, 2022, the Trustee caused to be
26 | filed a "Declaration That No Party Requested A Hearing On Motion [LBR 9013-1(o)(3)]" [Docket
27 | No. 30] (the "Declaration").  Based on the Court's review of the Application, the declaration of
28 |

KLF 2709412v1                              1

EXHIBIT A - Page 22

1   Howard M. Ehrenberg in support thereof, the Statement of Disinterestedness in support thereof, the

2   Declaration, there being no opposition filed in response to the Application, and for good cause,

3     **IT IS HEREBY ORDERED** as follows:

4     1.    The Application is approved; and

5     2.    The Trustee is authorized to employ CEL as special litigation counsel for the Estate

6   as of the date of entry of this Order, at the expense of the Estate, under the contingency fee

7   arrangement as described in the Application.

8

9                                   # # #

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Date: July 7, 2022

                                     Sheri Bluebond
26                                     United States Bankruptcy Judge

27

28

KLF 2709412v1                 2

# EXHIBIT B

STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

July 13, 2022

Jesus Lopez
16133 Ventura Boulevard, Ste. 700
Encino, CA 91436

RE:   **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202206-17323016
Right to Sue: Lopez / Illinois Tool Works Inc. et al.

Dear Jesus Lopez:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective July 13, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)

EXHIBIT A - Page 26

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Jesus Lopez                                                    DFEH No. 202206-17323016

                                    Complainant,

vs.

Illinois Tool Works Inc.
,

Diagraph Corporation
,

Hartford-Comprehensive Employee Benefit Service
Co.
,

The Hartford
,

                                    Respondents

---

**1.** Respondent **Illinois Tool Works Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.**Complainant is naming **Diagraph Corporation** business as Co-Respondent(s).
Complainant is naming **Hartford-Comprehensive Employee Benefit Service Co.** business as Co-Respondent(s).
Complainant is naming **The Hartford** business as Co-Respondent(s).

**3**. Complainant **Jesus Lopez**, resides in the City of **Encino**, State of **CA.**

**4.** Complainant alleges that on or about **September 24, 2021**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic), other, family care or medical

-1-
*Complaint – DFEH No. 202206-17323016*

Date Filed: July 13, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

leave (cfra) and as a result of the discrimination was terminated, denied hire or promotion, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments, denied or forced to transfer, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was terminated, denied hire or promotion, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments, denied or forced to transfer, denied family care or medical leave (cfra).

**Additional Complaint Details:** In or around April 2012, Complainant Mr. Jesus Lopez was hired by Respondent Diagraph Corporation, an Illinois Tool Work Inc. company. During all relevant times, Respondent Illinois Tool Work Inc. was the employer listed on Complainant's W-2. Mr. Lopez worked for Respondents as a Field Service Engineer. Throughout his employment, Mr. Lopez performed his job duties satisfactorily and received positive feedback from his supervisors. In or around March 2021, Mr. Lopez was diagnosed with Bell's Palsy, which caused paralysis on the left side of his face. The disability also caused Mr. Lopez to experience muscle weakness, blurred vision, fatigue and general weakness, which at times limited his ability to work. Mr. Lopez's doctor placed him off work until April 5, 2021. The medical note was provided to Mr. Lopez's supervisor, Field Service Manager William Ethridge. On or about April 1, 2021, Mr. Lopez's doctor extended his off work status through May 2, 2021. Mr. Lopez again provided the medical note to his supervisor. In April 2021, Mr. Lopez developed tinnitus in his left ear and was subsequently approved for short term disability benefits through Respondents' third-party benefits administrator Respondent Hartford-Comprehensive Employee Benefit Service Co. (The Hartford) through April 25, 2021. Mr. Lopez's doctor continued to request regular finite leaves on his behalf and said notes were provided to his supervisor and The Hartford. On or about July 7, 2021, Mr. Lopez's doctor placed him off work until October 25, 2021. Mr. Lopez provided the note to his supervisor and The Hartford. On or around August 26, 2021, Mr. Lopez received a letter from Respondents' Human Resources Manager Hadley Bafaro informing him that The Hartford had not approved his short term disability benefits beyond April 25, 2021. HR Manager Bafaro further stated that if The Hartford did not approve his short term disability benefits by September 16, 2021 then Mr. Lopez may be terminated. On or around August 30, 2021, Mr. Lopez signed an authorization allowing The Hartford to obtain any and all medical records "for the purpose of evaluating and administering....claim(s) for benefits and/or leave request(s) and/or request(s) for accommodation." The authorization further permitted The Hartford to disclose said information to his employer. Moreover, Mr. Lopez confirmed that his medical information had in fact been submitted to The Hartford. Nevertheless, on or about September 24, 2021, Mr. Lopez received a letter informing him that his employment had been terminated because his claim for short term disability benefits through The Hartford had not been approved beyond April 25, 202[1]. That same day, Mr. Lopez contacted HR Bafaro and informed her that he had submitted medical documents placing him on leave through October 25, 2021. Mr. Lopez even offered to resubmit the information to her but was informed that even if he did submit the documents he would not

-2-
*Complaint – DFEH No. 202206-17323016*

Date Filed: July 13, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

1   be reinstated. Respondents' action/inactions have caused substantial harm to Mr. Lopez for
    which he seeks damages.  The above-stated facts are based on information and belief and
2   further documents and testimony may add more facts as well as mearing and context to the
    stated facts.
3
    *Chapter 7 Trustee Howard M. Ehrenberg for Jesus Lopez will be the Plaintiff in name only
4   and the Real Party in Interest in any civil action filed.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                              -3-
                                *Complaint – DFEH No. 202206-17323016*
27
    Date Filed: July 13, 2022
28
                                                        Form DFEH-ENF 80 RS (Revised 02/22)

1  VERIFICATION

2  I, **Tyler Clark**, am the **Attorney** in the above-entitled complaint.  I have read the
3  foregoing complaint and know the contents thereof.  The matters alleged are based
   on information and belief, which I believe to be true.

4
   On July 13, 2022, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                             West Linn, OR

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                    -4-
                          *Complaint – DFEH No. 202206-17323016*
27
   Date Filed: July 13, 2022
28
                                              Form DFEH-ENF 80 RS (Revised 02/22)

EXHIBIT A - Page 30

Electronically FILED by Superior Court of California, County of Los Angeles on 07/14/2022 10:43 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Suizo, Deputy Clerk

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* 22STCV22714

Tyler F. Clark (SBN 258309)
CLARK EMPLOYMENT LAW, APC, 16133 Ventura Blvd., Suite 700, Encino, CA 91436

TELEPHONE NO.: (818) 741-2101    FAX NO. *(Optional):* (818) 561-3701
E-MAIL ADDRESS: tyler@clarkemploymentlaw.com
ATTORNEY FOR *(Name):* Plaintiff Howard M. Ehrenberg, Chapter 7 Trustee for Jesus Lopez

**FOR COURT USE ONLY**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

**CASE NAME:**
Ehrenberg v. Illinois Tool Works Inc., et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000)   [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 22STCV22714 <br> JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Ten (10)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 14, 2022
Tyler F. Clark, Esq.

(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                 **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

EXHIBIT A - Page 32

| SHORT TITLE | CASE NUMBER |
|---|---|
| Ehrenberg v. Illinois Tool Works Inc., et al. | 22STCV22714 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) |
|---|

| | | | |
|---|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. | Location where petitioner lives. |
| 2. | Permissive filing in Central District. | 8. | Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. | Location where one or more of the parties reside. |
| 4. | Mandatory personal injury filing in North District. | 10. | Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. | Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury). |
| 6. | Location of property or permanently garaged vehicle. | | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| | Personal Injury Cases Assigned to the Personal Injury Hub Courts | | |
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4, 11 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4, 11 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | | ☐ 2307 Construction Accidents | 1, 4, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

EXHIBIT A - Page 33

| SHORT TITLE<br>Ehrenberg v. Illinois Tool Works Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| | **Personal Injury Cases Assigned to the Independent Calendar Courts** | | |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 3, 5 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 3, 5 |
| | | ☐ 4502 Other Professional Health Case Malpractice | 1, 3, 5 |
| | Other Personal Injury / Property Damage / Wrongful Death (23) | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 3, 5 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 3, 5 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 3, 5 |
| | **Other Civil Cases Assigned to Independent Calendar Courts** | | |
| Non-Personal Injury/Property Damage /Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☒ 3601 Wrongful Termination | 1, ②, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

**EXHIBIT A - Page 34**

| SHORT TITLE<br>Ehrenberg v. Illinois Tool Works Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Contract** | Breach of Contract/<br>Warranty (06)<br>(not insurance) | ☐ 0604 Other Breach of Contract/Warranty (no fraud/<br>negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental<br>Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off<br>consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/<br>negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse<br>Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>                    Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain,<br>landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer –<br>Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or<br>wrongful eviction) | 6, 11 |
| | Unlawful Detainer –<br>Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or<br>wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post<br>Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer –<br>Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration<br>(11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |

CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION

LASC Local Rule 2.3

EXHIBIT A - Page 35

| SHORT TITLE | CASE NUMBER |
|---|---|
| Ehrenberg v. Illinois Tool Works Inc., et al. | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Judicial Review** | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |
| | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ 4304 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |

LASC CIV 109 Rev. 05/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

EXHIBIT A - Page 36

| SHORT TITLE | CASE NUMBER |
|---|---|
| Ehrenberg v. Illinois Tool Works Inc., et al. | |

| | **A**<br>Civil Case Cover Sheet<br>Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Miscellaneous Civil Petitions** | Other Petitions<br>(not specified above) (43) | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**Step 4:  Statement of Reason and Address:**  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address, which is the basis for the filing location including zip code.  (No address required for class action cases).

| REASON:<br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>577 East Pasadena Street |
|---|---|
| CITY:<br>Pomona | STATE:<br>CA | ZIP CODE:<br>91767 | |

**Step 5: Certification of Assignment:**  I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: <u>07/14/2022</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (05/22).

5.  Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.

6.  A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.

7.  Additional copies of documents to be conformed by the Clerk.  Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**07/14/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ S. Ruiz _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22STCV22714 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Gail Killefer | 37 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 07/14/2022
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By S. Ruiz _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT A - Page 38

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT A - Page 39

 **Superior Court of California, County of Los Angeles**

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

EXHIBIT A - Page 40

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

   a.   **The Civil Mediation Vendor Resource List**
        If all parties in an active civil case agree to mediation, they may contact these organizations
        to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected
        cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com
     (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145


**These organizations cannot accept every case and they may decline cases at their discretion**. They may
offer online mediation by video conference for cases they accept. Before contacting these organizations,
review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small
claims cases.**

   b.   **Los Angeles County Dispute Resolution Programs**
        https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

        Day of trial mediation programs have been paused until further notice.

        **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases
        should carefully review the Notice and other information they may receive about (ODR)
        requirements for their case.

   c.   Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and
arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's
decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a
trial after the arbitrator's decision. For more information about arbitration, visit
http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close
to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement
officer who does not make a decision but who instead assists the parties in evaluating the strengths and
weaknesses of the case and in negotiating a settlement. For information about the Court's MSC
programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

   i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

   (INSERT DATE) (INSERT DATE)

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____ (TYPE OR PRINT NAME)
➢ _____ (ATTORNEY FOR PLAINTIFF)

Date: _____

_____ (TYPE OR PRINT NAME)
➢ _____ (ATTORNEY FOR DEFENDANT)

Date: _____

_____ (TYPE OR PRINT NAME)
➢ _____ (ATTORNEY FOR DEFENDANT)

Date: _____

_____ (TYPE OR PRINT NAME)
➢ _____ (ATTORNEY FOR DEFENDANT)

Date: _____

_____ (TYPE OR PRINT NAME)
➢ _____ (ATTORNEY FOR _____)

Date: _____

_____ (TYPE OR PRINT NAME)
➢ _____ (ATTORNEY FOR _____)

Date: _____

_____ (TYPE OR PRINT NAME)
➢ _____ (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)
LASC Approved 04/11
**STIPULATION – EARLY ORGANIZATIONAL MEETING**
Page 2 of 2

[ Print ]  [ Save ]  [ Clear ]

EXHIBIT A - Page 44

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1.  Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2.  At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3.  Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

      iii.    Be filed within two (2) court days of receipt of the Request; and

      iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

EXHIBIT A - Page 46

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

EXHIBIT A - Page 47

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:      FAX NO. (Optional):
E-MAIL ADDRESS (Optional)
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐  Request for Informal Discovery Conference
    ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

[ Print ]    [ Save ]        [ Clear ]

EXHIBIT A - Page 48

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:         FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____          ➤   _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤   _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤   _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤   _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤   _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date:

_____          ➤   _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date:

_____          ➤   _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date:   _____          _____
                                                                          JUDICIAL OFFICER

[ Print ]      [ Save ]                                              [ Clear ]

LACIV 075 (new)
LASC Approved 04/11          **STIPULATION AND ORDER – MOTIONS IN LIMINE**          Page 2 of 2

EXHIBIT A - Page 50

# FILED

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

EXHIBIT A - Page 52

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: May 11, 2011

_Carolyn G. Kuhl_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk

By _Rizalinda Mina_ , Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT )<br>– MANDATORY ELECTRONIC FILING )<br>FOR CIVIL )<br> )<br> )<br>_____ ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

EXHIBIT A - Page 54

2019-GEN-014-00

1    e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a

2    person or entity that receives an electronic filing from a party for retransmission to the Court.

3    In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an

4    agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

5    f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of

6    Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision

7    (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule

8    2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or

9    process attached to or logically associated with an electronic record and executed or adopted

10    by a person with the intent to sign the electronic record.

11    g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place

12    in a hypertext or hypermedia document to another in the same or different document.

13    h) **"Portable Document Format"**   A digital document format that preserves all fonts,

14    formatting, colors and graphics of the original source document, regardless of the application

15    platform used.

16  2) MANDATORY ELECTRONIC FILING

17    a) Trial Court Records

18    Pursuant to Government Code section 68150, trial court records may be created, maintained,

19    and preserved in electronic format.  Any document that the Court receives electronically must

20    be clerically processed and must satisfy all legal filing requirements in order to be filed as an

21    official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

22    b) Represented Litigants

23    Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to

24    electronically file documents with the Court through an approved EFSP.

25    c) Public Notice

26    The Court has issued a Public Notice with effective dates the Court required parties to

27    electronically file documents through one or more approved EFSPs.  Public Notices containing

28    effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

EXHIBIT A - Page 55

2019-GEN-014-00

1     d) Documents in Related Cases

2        Documents in related cases must be electronically filed in the eFiling portal for that case type if

3        electronic filing has been implemented in that case type, regardless of whether the case has

4        been related to a Civil case.

5  3) EXEMPT LITIGANTS

6     a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt

7        from mandatory electronic filing requirements.

8     b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of

9        Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused

10       from filing documents electronically and be permitted to file documents by conventional

11       means if the party shows undue hardship or significant prejudice.

12 4) EXEMPT FILINGS

13    a) The following documents shall not be filed electronically:

14       i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of

15           Civil Procedure sections 170.6 or 170.3;

16       ii)  Bonds/Undertaking documents;

17       iii) Trial and Evidentiary Hearing Exhibits

18       iv) Any ex parte application that is filed concurrently with a new complaint including those

19           that will be handled by a Writs and Receivers department in the Mosk courthouse; and

20       v)  Documents submitted conditionally under seal.  The actual motion or application shall be

21           electronically filed.  A courtesy copy of the electronically filed motion or application to

22           submit documents conditionally under seal must be provided with the documents

23           submitted conditionally under seal.

24    b) Lodgments

25       Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in

26 paper form.  The actual document entitled, "Notice of Lodgment," shall be filed electronically.

27 //

28 //

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

1    5)  ELECTRONIC FILING SYSTEM WORKING PROCEDURES

2        Electronic filing service providers must obtain and manage registration information for persons

3        and entities electronically filing with the court.

4    6)  TECHNICAL REQUIREMENTS

5        a)  Electronic documents must be electronically filed in PDF, text searchable format **when**

6            technologically feasible without impairment of the document's image.

7        b)  The table of contents for any filing must be bookmarked.

8        c)  Electronic documents, including but not limited to, declarations, proofs of service, and

9            exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule

10           3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked

11           item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the

12           bookedmarked item and briefly describe the item.

13       d)  Attachments to primary documents must be bookmarked.  Examples include, but are not

14           limited to, the following:

15           i)    Depositions;

16           ii)   Declarations;

17           iii)  Exhibits (including exhibits to declarations);

18           iv)   Transcripts (including excerpts within transcripts);

19           v)    Points and Authorities;

20           vi)   Citations; and

21           vii)  Supporting Briefs.

22       e)  Use of hyperlinks within documents (including attachments and exhibits) is strongly

23           encouraged.

24       f)  Accompanying Documents

25           Each document acompanying a single pleading must be electronically filed as a **separate**

26           digital PDF document.

27       g)  Multiple Documents

28           Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i) Any printed document required pursuant to a Standing or General Order;

    ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii) Pleadings and motions that include points and authorities;

    iv) Demurrers;

    v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi) Motions for Summary Judgment/Adjudication; and

    vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

EXHIBIT A - Page 59

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

   For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

   This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

EXHIBIT A - Page 60



T: 818.741.2101
F: 818.561.3701
tyler@clarkemploymentlaw.com
www.clarkemploymentlaw.com

July 14, 2022

**VIA PERSONAL SERVICE**

Illinois Tool Works Inc
c/o C T Corporation System, Agent for Service of Process
330 North Brand Boulevard, Suite 700
Glendale, CA 91203

      RE:   *Jesus Lopez v. Illinois Tool Works Inc, et al. – Preservation Letter*
           Case No.: Not Yet Filed

To Whom It May Concern:

Please be advised that this firm represents Mr. Jesus Lopez, a former employee of Illinois Tool Works Inc (hereinafter "Defendant"), in connection with statutory and tort claims arising from the wrongful termination of his employment with Defendant. All further communications should be directed to this law firm and no further contact with our client should be attempted.

We have reason to believe that certain actions taken by Defendant and its employees and agents during Mr. Lopez's employment amount to violations of his rights under various laws. For these reasons, we are specifically requesting that Defendant take steps to preserve data and information described in this letter.

Mr. Lopez demands that Defendant preserve documents, tangible things, and electronically stored information potentially relevant to the issues in this case. As used in this document, "you" and "your" refers to Defendant, and its predecessors, successors, parents, subsidiaries, divisions, departments, offices, branches, and affiliates, and their respective officers, directors, agents, attorneys, accountants, employees, partners and other persons occupying similar positions or performing similar functions.

You should anticipate that much of the information subject to disclosure or responsive to discovery in this case is stored on your current and formed computer systems and other media and devices (including personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible meaning and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically, optically or otherwise stored as:

      &bull;    Digital communications (e.g., e-mail, voice mail, instant messaging);

**Los Angeles**
16133 Ventura Boulevard
Suite 700
Encino, California 91436

- E-mail server stores (e.g., IBM Notes, IBM Domino, Lotus Domino .NSF or Microsoft Exchange .EDB)
- Word processed documents (e.g., Word or WordPerfect files and drafts)
- Spreadsheets (e.g., Excel or Lotus 123 worksheets)
- Accounting application data (e.g., MAS90, Ultimate, QuickBooks)
- Image and facsimile files (e.g., .PDF, .TIFF, .JPG, .GIF images)
- Sound recordings (e.g., .WAV and .MP3 files)
- Video and animation (e.g., .AVI and .MOV files)
- Databases (e.g., Access, Oracle, SQL Server data, SAP)
- Contact and relationship management data (e.g., Outlook, ACT!)
- Calendar and diary application data (e.g., Valiant, Outlook PST, blog entries)
- Online access data (e.g., E-Verify, Temporary Internet Files, History, Cookies)
- Presentation (e.g., PowerPoint, Corel Presentations)
- Network access and server activity logs
- Project management application data
- Computer aided design/drawing files
- Backup and archival files (e.g., Veritas, Zip, .GHO)

ESI resides not only in areas of electronic, magnetic and optical storage media reasonably accessible to you, but also in areas you may deem not reasonably accessible. You are obligated to preserve potentially relevant evidence from both sources of ESI, even if you do not anticipate producing such ESI.

The demand that you preserve both accessible and inaccessible ESI is reasonable and necessary. Pursuant to the rules of civil procedure, you must identify all sources of ESI you decline to produce and demonstrate to the court why such sources are not reasonably accessible. For good cause shown, the court may order production of the ESI, even if it is not reasonably accessible. Accordingly, you must preserve ESI that you deem inaccessible so as not to preempt the court's authority.

<u>Preservation Requires Immediate Intervention</u>

You must act immediately to preserve potentially relevant ESI, including, without limitation, information with the earlier of a created or last modified date on or after March 2021, the date of this demand and concerning:

1. All events and claims surrounding Mr. Lopez's employment;

2. All events and claims surrounding Mr. Lopez's termination, leaves of absence, attendance, performance assessments/reviews, complaints, investigations, and/or write-ups or any other disciplinary actions concerning or related to Mr. Lopez;

3. All communications between Mr. Lopez or anyone acting on his behalf, on the one hand, and any of Defendant's former and/or current employees/agents, on the other, including but not limited to emails, text messages, faxes, and any other company internal communications tool;

2

EXHIBIT A - Page 62

4. All communications concerning Mr. Lopez by any of Defendant's former and/or current employees/agents, including but not limited to emails, text messages, faxes, and any other company internal communications tool;

5. Any and all pay records and other information relating to Mr. Lopez's compensation;

6. Your recruitment, hiring, or transfer of any employees or person(s) to any position for which Mr. Lopez was qualified to perform shortly before and after his termination; and

7. ESI you may use to support claims or defenses in this case, if any.

Adequate preservation of ESI requires more than simply refraining from efforts to destroy or dispose of such evidence. You must intervene to prevent loss due to routine operations of malfeasance and employ proper techniques and protocols to preserve ESI. Booting a drive, examining its contents or running any application may irretrievably alter the evidence it contains and constitute unlawful spoliation of evidence. Preservation requires action.

Nothing in this demand for preservation of ESI should be understood to diminish your concurrent obligation to preserve documents, tangible things and other potentially relevant evidence.

<u>Suspension of Routine Destruction</u>

You are directed to immediately initiate a litigation hold for potentially relevant ESI, documents and tangible things and to act diligently and in good faith to secure and audit compliance with such litigation hold. You are further directed to immediately identify and modify or suspend features of your information systems and devices that, in routing operation, operate to cause the loss of potentially relevant ESI. Examples of such features and operations include:

- Purging the contents of e-mail repositories
- Using data or media wiping, disposal, erasure or encryption utilities or devices
- Overwriting, erasing, destroying or discarding backup media
- Reassigning, re-imaging or disposing of systems, servers, devices or media
- Running antivirus or other programs affecting wholesale metadata alteration
- Releasing or purging online storage repositories
- Using metadata stripper utilities
- Disabling server, packet or local instant messaging logging
- Executing drive or file defragmentation or compression programs

<u>Guard Against Deletion</u>

You should anticipate that your officers, employees or others may seek to hide, destroy or alter ESI. You must act to prevent and guard against such actions. Especially where

3

EXHIBIT A - Page 63

company machines were used for Internet access or personal communications, you should anticipate that users may seek to delete or destroy information they regard as personal, confidential or embarrassing, and in doing, they may also delete or destroy potentially relevant ESI.  This concern is not unique to you.  It is simply conduct that occurs with such regularity that any custodian of ESI and their counsel must anticipate and guard against its occurrence.

<u>Preservation of Backup Tapes</u>

You are directed to preserve complete backup tape sets (including differentials and incrementals) containing e-mails and ESI of the following custodians (referred to collectively as "All Custodians") for all dates from <u>March 2021 to the present time</u>:

1. Jesus Lopez;
2. William (Tripp) Esthridge;
3. Hadley Bafaro;
4. Linda Kaup;
5. Becca Bell;
6. Caryn Mendoza; and
7. All employees at Defendant's Human Resources department; and
8. Any other employees/agents of Defendant with information concerning Mr. Lopez's hiring, benefits, compensation, leave of absence, attendance, requests for leave or time off, requests for accommodation, interactive process, complaints, engaging in protected activities, and/or termination as well as any of Defendant's defenses or possible defenses.

<u>Act to Prevent Spoliation</u>

You should take affirmative steps to prevent anyone with access to your data, systems and archives from seeking to modify, destroy or hide ESI on network or local hard drives and on other media or devices (such as by deleting or overwriting files, using data shredding and overwriting applications, defragmentation, re-imaging, damaging or replacing media, encryption, compression, steganography or the like.)

<u>System Sequestration or Forensically Sound Imaging</u>

As an appropriate and cost effective means of preservation, you should remove from service and securely sequester the systems, media and devices housing potentially relevant ESI of All Custodians.

In the event you deem it impractical to sequester systems, media and devices, we believe that the breadth of preservation required, coupled with the modest number of systems implicated, dictates that forensically sound imaging of the systems, media and devices of those named above is expedient and cost effective.  As we anticipate the need for forensic examination of one or more of the systems and the presence of relevant evidence in forensically

4

accessible areas of the drives, we demand that you employ forensically sound ESI preservation methods.  Failure to use such methods poses a significant threat of spoliation and data loss.

"Forensically sound ESI preservation" means duplication of all data stored on the evidence media while employing a proper chain of custody and using tools and methods that make no changes to the evidence and support authentication of the duplicate as a true and complete bit-for-bit image of the original.  The products of forensically sound duplication are called, inter alia, "bit stream images" or "clones" of the evidence media.  A forensically sound preservation method guards against changes to metadata evidence and preserves all parts of the electronic evidence, including deleted evidence within "unallocated clusters" and "slack space."

Be advised that a conventional copy, backup or "ghosting" of a hard drive does not produce a forensically sound image because it only captures active, unlocked data files and fails to preserve forensically significant data existing in, e.g. unallocated clusters and slack space.

Further Preservation by Imaging

With respect to the hard drives and storage devices of All Custodians, demand is made that you immediately obtain, authenticate and preserve forensically sound images of the hard drives in any computer system (including portable and home computers) used by that person during the period from February 2021 to the present, as well as recording and preserving the system time and date of each such computer.

Once obtained, each such forensically sound image should be labeled to identify the date of acquisition, the person or entity acquiring the image and the system and medium from which it was obtained.  Each such image should be preserved without alteration.

Preservation in Native Form

You should anticipate that certain ESI, including but not limited to spreadsheets and databases, will be sought in the form or forms in which it is ordinarily maintained (i.e., native form). Accordingly, you should preserve ESI in such native forms, and you should not employ methods to preserve ESI that remove or degrade the ability to search the ESI by electronic means or that make it difficult or burdensome to access or use the information.

You should additionally refrain from actions that shift ESI from reasonably accessible media and forms to less accessible media and forms if the effect of such actions is to make such ESI not reasonably accessible.

Metadata

You should further anticipate the need to disclose and produce system and application metadata and act to preserve it.  System metadata is information describing the history and characteristics of other ESI.  This information is typically associated with tracking or managing an electronic file and often includes data reflecting a file's name, size, custodian,

5

location and dates of creation and last modification or access. Application metadata is information automatically included or embedded in electronic files, but which may not be apparent to a user, including deleted content, draft language, commentary, collaboration and distribution data and dates of creation and printing. For electronic mail, metadata includes all header routing data and Base 64 encoded attachment data, in addition to the TO, From, Subject, Received Date, CC and BCC fields.

Metadata may be overwritten or corrupted by careless handling or improper preservation, including by moving, copying or examining the contents of files.

Servers

With respect to servers used to manage e-mail (e.g., Microsoft Exchange, Lotus Domino, IBM Notes) and network storage (often called a "network share"), the complete contents of each user's network share and e-mail account should be preserved. There are several ways to preserve the contents of a server. If you are uncertain whether the preservation method you plan to employ is one that we will accept as sufficient, please immediately contact the undersigned.

Home Systems, Laptops, Online Accounts and Other ESI Venues

Though we expect that you will act swiftly to preserve data on office workstations and servers, you should also determine if any home or portable systems or devices may contain potentially relevant data. To the extent that you have sent or received potentially relevant e-mails or created or reviewed potentially relevant documents away from the office, you must preserve the contents of systems, devices and media used for these purposes (including not only potentially relevant data from portable and home computers, but also from portable thumb drives, CD-R/DVD- R discs and the user's PDA, smart phone, voice mailbox or other forms of ESI storage.) Similarly, if you used online or browser-based e-mail accounts or services (such as Gmail, AOL, Yahoo Mail or the like) to send or receive potentially relevant messages and attachments, the contents of these account mailboxes (including Sent, Deleted and Archived Message folders) should be preserved.

Ancillary Preservation

You must preserve documents and other tangible items that may be required to access, interpret or search potentially relevant ESI, including logs, control sheets, specifications, indices, naming protocols, file lists, network diagrams, flow charts, instruction sheets, data entry forms, abbreviation keys, user ID and password rosters and the like.

You must preserve passwords, keys and other authenticators required to access encrypted files or run applications, along with the installation discs, user manuals and license keys for applications required to access the ESI.

You must preserve cabling, drivers and hardware, other than a standard 3.5" floppy disc driver or standard CD or DVD optical driver, if needed to access or interpret media on

6

which ESI is stored. This includes tape drivers, bar code readers, Zip drives and other legacy or proprietary devices.

## Paper Preservation of ESI is Inadequate

As hard copies do no preserve electronic search ability or metadata, they are not an adequate substitute for, or cumulative of, electronically stored versions. If information exists in both electronic and paper forms, you should preserve both forms.

## Agents, Attorneys and Third Parties

Your preservation obligation extends beyond ESI in your care, possession or custody and includes ESI in the custody of others that is subject to your direction or control. Accordingly, you must notify any current or former agent, attorney, employee, custodian and contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your obligation to do so, and you must take reasonable steps to secure their compliance.

## Preservation Protocols

We are desirous of working with you to agree upon an acceptable protocol for forensically sound preservation and can supply a suitable protocol if you will furnish an inventory and description of the systems and media to be preserved. Alternatively, if you promptly disclose the preservation protocol you intend to employ, perhaps we can identify any points of disagreement and resolve them. A successful and compliant ESI preservation effort requires expertise. If you do not currently have such expertise at your disposal, we urge you to engage the services of an expert in electronic evidence and computer forensics. Perhaps our respective experts can work cooperatively to secure a balance between evidence preservation and burden that is fair to both sides and acceptable to the court.

## Do Not Delay Preservation

I am available to discuss reasonable preservation steps; however, you should not defer preservation steps pending such discussions if ESI may be lost or corrupted as a consequence of delay. Should your failure to preserve potentially relevant evidence result in the corruption, loss or delay in production of evidence to which we are entitled, such failure would constitute spoliation of evidence, and we will not hesitate to seek sanctions.

///
///
///

7

<u>Confirmation of Compliance</u>

Please confirm in writing **no later than August 15, 2022,** that you have taken the steps outlined in this letter to preserve ESI and tangible documents potentially relevant to this action. If you have not undertaken the steps outlined above, or have taken other actions, please describe what you have done to preserve potentially relevant evidence.

Should you have any questions, please feel free to contact me.

Very truly yours,

Tyler F. Clark, Esq.

8

EXHIBIT A - Page 68

Tyler F. Clark (SBN 258309)
**CLARK EMPLOYMENT LAW, APC**
16133 Ventura Boulevard, Suite 700
Encino, California 91436
Telephone:    (818) 741-2101
Facsimile:    (818) 561-3701
Email:        tyler@clarkemploymentlaw.com

Attorney for Plaintiff
Howard M. Ehrenberg, Chapter 7 Trustee for Jesus Lopez

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

HOWARD M. EHRENBERG, CHAPTER 7
TRUSTEE FOR JESUS LOPEZ,

        Plaintiff,

v.

ILLINOIS TOOL WORKS INC., a
corporation, and DOES 1-10, inclusive,

        Defendants.

CASE NO.: 22STCV22714

[Assigned to the Hon. Gail Killefer, Dept. 37]

**NOTICE OF CASE MANAGEMENT
CONFERENCE; EXHIBIT 1**

Complaint Filed:    July 14, 2022
Trial Date:         Not Set

NOTICE OF CASE MANAGEMENT CONFERENCE

EXHIBIT A - Page 69

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2            PLEASE TAKE NOTICE that Case Management Conference for the above-titled action is

3    scheduled for December 21, 2022, at 8:30 a.m. in Department 37.  A true and correct copy of the

4    Notice of Case Management Conference is attached hereto as **Exhibit 1**.  Notice is hereby given.

5

6    DATED: July 22, 2022                          CLARK EMPLOYMENT LAW, APC

7

8                                              By: _____

9                                                  Tyler F. Clark, Esq.
                                                   Attorney for Plaintiff Howard M. Ehrenberg,
10                                                 Chapter 7 Trustee for Jesus Lopez

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                            NOTICE OF CASE MANAGEMENT CONFERENCE

# EXHIBIT 1

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>07/15/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ E. Avena _____ Deputy |

COURTHOUSE ADDRESS:
**Stanley Mosk Courthouse**
**111 North Hill Street, Los Angeles, CA 90012**

PLAINTIFF:
Howard M. Ehrenberg, Chapter 7 Trustee for Jesus Lopez

DEFENDANT:
Illinois Tool Works Inc.

| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>22STCV22714 |
|---|---|

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date:<br>12/21/2022 | Time:<br>8:30 AM | Dept.:<br>37 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: _07/15/2022_ _____

_____
Gail Killefer / Judge
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _Los Angeles_____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Tyler Francis Clark
16133 Ventura Blvd
Ste 700
Encino, CA 91436

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: _07/15/2022_____

By _E. Avena_____
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF**
**CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**07/15/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ E. Avena _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Howard M. Ehrenberg, Chapter 7 Trustee for Jesus Lopez | |
| DEFENDANT/RESPONDENT:<br>Illinois Tool Works Inc. | |
| CERTIFICATE OF MAILING | CASE NUMBER:<br>22STCV22714 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Tyler Francis Clark
Clark Employment Law, APC
16133 Ventura Blvd
Ste 700
Encino, CA 91436

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 07/15/2022                    By: _E. Avena_____
                                           Deputy Clerk

**CERTIFICATE OF MAILING**

EXHIBIT A - Page 73

8/17/22, 2:15 PM                           Case Summary of Use Services - LA Court

Español   Tiếng Việt   한국어   中文   հայերեն

# THE SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

Search

| Home | Online Services | Forms, Filings & Files | Self-Help | Divisions | Jury | General Info |
|------|-----------------|------------------------|-----------|-----------|------|--------------|
|      | Pay Fines, Search Records... | Forms, Filing Fees... | For persons without attorneys | Civil, Criminal, Family... | Jury Duty Portal, Q&A... | Courthouses, ADA ... |

ONLINE SERVICES

# Case Access



LANGUAGE ACCESS

English

PRINT    NEW SEARCH

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** 22STCV22714
HOWARD M. EHRENBERG, CHAPTER 7 TRUSTEE FOR JESUS LOPEZ, VS ILLINOIS TOOL WORKS INC., A CORPORATION

**Filing Courthouse:** Stanley Mosk Courthouse

**Filing Date:** 07/14/2022
**Case Type:** Wrongful Termination (General Jurisdiction)
**Status:** Pending

Click here to access document images for this case
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**12/21/2022** at 08:30 AM in Department 37 at 111 North Hill Street, Los Angeles, CA 90012
Case Management Conference

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

CLARK TYLER FRANCIS - Attorney for Plaintiff

HANEY JOHN H. - Attorney for Defendant

HOWARD M. EHRENBERG CHAPTER 7 TRUSTEE FOR JESUS LOPEZ - Plaintiff

ILLINOIS TOOL WORKS INC. - Defendant

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Documents Filed (Filing dates listed in descending order)**

EXHIBIT A - Page 74

**08/16/2022** Answer
Filed by Illinois Tool Works Inc. (Defendant)

**07/26/2022** Proof of Personal Service
Filed by Howard M. Ehrenberg, Chapter 7 Trustee for Jesus Lopez (Plaintiff)

**07/22/2022** Notice (of Case Management Conference 2022-12-21)
Filed by Howard M. Ehrenberg, Chapter 7 Trustee for Jesus Lopez (Plaintiff)

**07/20/2022** Proof of Personal Service
Filed by Howard M. Ehrenberg, Chapter 7 Trustee for Jesus Lopez (Plaintiff)

**07/15/2022** Certificate of Mailing for ([Notice of Case Management Conference])
Filed by Clerk

**07/15/2022** Notice of Case Management Conference
Filed by Clerk

**07/14/2022** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**07/14/2022** Voluntary Efficient Litigation Stipulation Packet
Filed by Clerk

**07/14/2022** First Amended General Order re: Mandatory Electronic Filing
Filed by Clerk

**07/14/2022** Alternate Dispute Resolution Packet
Filed by Clerk

**07/14/2022** Summons (on Complaint)
Filed by Howard M. Ehrenberg, Chapter 7 Trustee for Jesus Lopez (Plaintiff)

**07/14/2022** Civil Case Cover Sheet
Filed by Howard M. Ehrenberg, Chapter 7 Trustee for Jesus Lopez (Plaintiff)

**07/14/2022** Complaint
Filed by Howard M. Ehrenberg, Chapter 7 Trustee for Jesus Lopez (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Proceedings Held (Proceeding dates listed in descending order)**
None

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Register of Actions (Listed in descending order)**

**08/16/2022** Answer
Filed by Illinois Tool Works Inc. (Defendant)

**07/26/2022** Proof of Personal Service
Filed by Howard M. Ehrenberg, Chapter 7 Trustee for Jesus Lopez (Plaintiff)

**07/22/2022** Notice (of Case Management Conference 2022-12-21)
Filed by Howard M. Ehrenberg, Chapter 7 Trustee for Jesus Lopez (Plaintiff)

**07/20/2022** Proof of Personal Service
Filed by Howard M. Ehrenberg, Chapter 7 Trustee for Jesus Lopez (Plaintiff)

**07/15/2022** Certificate of Mailing for ([Notice of Case Management Conference])
Filed by Clerk

**07/15/2022** Notice of Case Management Conference
Filed by Clerk

**07/14/2022** Voluntary Efficient Litigation Stipulation Packet
Filed by Clerk

**07/14/2022** First Amended General Order re: Mandatory Electronic Filing
Filed by Clerk

**07/14/2022** Alternate Dispute Resolution Packet
Filed by Clerk

EXHIBIT A - Page 75

**07/14/2022** Summons (on Complaint)
Filed by Howard M. Ehrenberg, Chapter 7 Trustee for Jesus Lopez (Plaintiff)

**07/14/2022** Civil Case Cover Sheet
Filed by Howard M. Ehrenberg, Chapter 7 Trustee for Jesus Lopez (Plaintiff)

**07/14/2022** Complaint
Filed by Howard M. Ehrenberg, Chapter 7 Trustee for Jesus Lopez (Plaintiff)

**07/14/2022** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

NEW SEARCH

Privacy Statement    |    Disclaimer    |    Employment    |    ADA    |    Holidays    |    Comment on our Website          Copyright © 2022 Superior Court of California, County of Los Angeles

EXHIBIT A - Page 76

# EXHIBIT B

# TO HANEY DECLARATION

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Tyler Clark, 258309<br>Clark Employment Law, APC<br>16133 Ventura Boulevard, Suite 700<br>Encino, CA 91436<br>TELEPHONE NO.: (818)741-2101 Ext 3<br>ATTORNEY FOR *(Name):* Plaintiff | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
Superior Court of California, Los Angeles County
111 N. Hill Street
Los Angeles, CA 90012-3117

| PLAINTIFF/PETITIONER: Howard M. Ehrenberg, Ch. 7 Trustee for Jesus Lope | CASE NUMBER:<br>22STCV22714 |
|---|---|
| DEFENDANT/RESPONDENT: Illinois Tool Works Inc, et al. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>1520 |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Summons, Complaint, Civil Case Cover Sheet and Addendum, Notice of Case Assignment, Alternative Dispute Resolution Information Package, Voluntary Efficient Litigations Stipulations, First Amended General Order, Preservation Letter to Defendant

3. a. Party served:  ILLINOIS TOOL WORKS INC, a corporation

    b. Person Served: CT Corporation System - John Montijo, Process Specialist - Person Authorized to Accept Service of Process

4. Address where the party was served: 330 North Brand Blvd, #700
                                       Glendale, CA 91203
5. I served the party
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 07/18/2022      (2) at  (time): 12:15PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

    d. on behalf of:

    ILLINOIS TOOL WORKS INC, a corporation
    under: CCP 416.10 (corporation)
7. **Person who served papers**
    a.  Name:        Jessica Brown
    b.  Address:    One Legal - P-000618-Sonoma
                    1400 North McDowell Blvd, Ste 300
                    Petaluma, CA 94954

    c. Telephone number: 415-491-0606
    d. The fee for service was: $ 40.00
    e I am:
        (3) registered California process server.
            (i)  Employee or independent contractor.
            (ii)  Registration No.: 2019217220
            (iii)  County: Los Angeles

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 07/18/2022

Jessica Brown
(NAME OF PERSON WHO SERVED PAPERS)                            (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

OL# 18560196

EXHIBIT B - Page 77

# EXHIBIT C

# TO HANEY DECLARATION

Electronically FILED by Superior Court of California, County of Los Angeles on 08/16/2022 09:07 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden,Deputy Clerk

1  HOLLAND & KNIGHT LLP
   Thomas E. Hill (SBN 100861)
2  John H. Haney (SBN 299970)
   400 South Hope Street, 8th Floor
3  Los Angeles, CA 90071
   Telephone: 213.896.2400
4  Fax: 213.896.2450
   E-mail: thomas.hill@hklaw.com
5          john.haney@hklaw.com

6  Attorneys for Defendant
   ILLINOIS TOOL WORKS INC.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF LOS ANGELES

10

11 HOWARD M. EHRENBERG, CHAPTER 7          )  Case No.: 22STCV22714
   TRUSTEE FOR JESUS LOPEZ,                )
12                                         )  Assigned to Dept. 37
              Plaintiff,                   )  Hon. Gail Killefer
13                                         )
       vs.                                 )  **DEFENDANT ILLINOIS TOOL**
14                                         )  **WORKS INC.'S ANSWER TO**
   ILLINOIS TOOL WORKS INC., a             )  **COMPLAINT**
15 corporation; and DOES 1-10, inclusive,  )
                                           )
16            Defendants.                  )
                                           )
17                                         )
                                           )
18                                         )  Complaint Filed:  July 14, 2022
                                           )  Trial Date:       None
19 _____ )

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1
DEFENDANT ILLINOIS TOOL WORKS INC.'S ANSWER TO COMPLAINT

EXHIBIT C - Page 78

Defendant Illinois Tool Works Inc. ("ITW") hereby answers the Complaint ("Complaint") of Plaintiff Howard M. Ehrenberg, Chapter 7 Trustee for Jesus Lopez ("Plaintiff"), as follows:

### GENERAL DENIAL

Under the provisions of Section 431.30(d) of the California Code of Civil Procedure, ITW denies, generally and specifically, each and every material allegation contained in the Complaint, and each and every alleged or purported cause of action or claim contained therein, and ITW denies that Plaintiff has been injured in any sum therein alleged, or in any sum, or at all. ITW further denies that Plaintiff is entitled to the relief sought in the Complaint, or to any other relief, or to any relief at all.

### AFFIRMATIVE DEFENSES

ITW hereby sets forth below affirmative defenses to the Complaint, and each and every cause of action or claim for relief alleged therein, without assuming or undertaking any burden, or burdens, of proof not otherwise assigned to it by law.  Nothing stated in the Affirmative Defenses is intended to be, or shall be, construed as an express or implied admission by ITW of any fact, of any validity or merits of any of the causes of action, claims or allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any remedies and defenses in connection with this action, all of which are hereby fully and expressly reserved.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action or Claim)

1.      The Complaint, and each and every purported cause of action or claim alleged therein, are barred, in whole or in part, as Plaintiff has failed to state facts sufficient to constitute any cause of action or claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (First Cause of Action Fails)

2.      The Complaint's First Cause of Action is barred, in whole or in part, because ITW never engaged in any unlawful disability discrimination against Plaintiff.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

2
DEFENDANT ILLINOIS TOOL WORKS INC.'S ANSWER TO COMPLAINT

EXHIBIT C - Page 79

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

**THIRD AFFIRMATIVE DEFENSE**

**(Second Cause of Action Fails)**

3.    The Complaint's Second Cause of Action is barred, in whole or in part, because ITW never engaged in any unlawful disability harassment against Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

**(Third Cause of Action Fails)**

4.    The Complaint's Third Cause of Action is barred, in whole or in part, because ITW did not fail to engage in the interactive process with Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

**(Fourth Cause of Action Fails)**

5.    The Complaint's Fourth Cause of Action is barred, in whole or in part, because ITW did not fail to provide reasonable accommodations to Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

**(Fifth Cause of Action Fails)**

6.    The Complaint's Fifth Cause of Action is barred, in whole or in part, because ITW never engaged in any unlawful retaliation against Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Sixth Cause of Action Fails)**

7.    The Complaint's Sixth Cause of Action is barred, in whole or in part, because ITW did not fail to prevent or remedy unlawful discrimination, harassment, or retaliation against Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Seventh Cause of Action Fails)**

8.    The Complaint's Seventh Cause of Action is barred, in whole or in part, because ITW did not interfere with Plaintiff's rights under the California Family Rights Act.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

## NINTH AFFIRMATIVE DEFENSE

### (Eighth Cause of Action Fails)

9.    The Complaint's Eighth Cause of Action is barred, in whole or in part, because ITW did not retaliate against Plaintiff in violation of the California Family Rights Act.

## TENTH AFFIRMATIVE DEFENSE

### (Ninth Cause of Action Fails)

10.    The Complaint's Ninth Cause of Action is barred, in whole or in part, because ITW did not retaliate against Plaintiff in violation of California Labor Code section 1102.5.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Tenth Cause of Action Fails)

11.    The Complaint's Tenth Cause of Action is barred, in whole or in part, because ITW did not terminate Plaintiff in violation of any public policy.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

12.    The Complaint, and each and every purported cause of action or claim alleged therein, are barred, in whole or in part, because Jesus Lopez has failed and refused, and continues to fail and refuse, to exercise a reasonable effort to mitigate his alleged damages and injuries, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

13.    The Complaint, and each and every purported cause of action or claim alleged therein, are barred, in whole or in part, by the applicable statute of limitations, including but not limited to California Code of Civil Procedure sections 337, 338(a), 339, 340, and/or California Government Code sections 12960, 12965.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Offset)

14.    The Complaint, and each and every purported cause of action or claim alleged therein, are barred, in whole or in part, because Plaintiff's recovery, if any, must be offset by any benefits and/or other monies Plaintiff received.

4
DEFENDANT ILLINOIS TOOL WORKS INC.'S ANSWER TO COMPLAINT

EXHIBIT C - Page 81

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Estoppel)

15.     The Complaint, and each and every purported cause of action or claim alleged therein, are barred, in whole or in part, pursuant to the doctrine of estoppel.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Waiver)

16.     The Complaint, and each and every purported cause of action or claim alleged therein, are barred, in whole or in part, by the doctrine of waiver.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

17.     The Complaint, and each and every purported cause of action or claim alleged therein, are barred, in whole or in part, as Plaintiff comes before this court with unclean hands.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Recovery of Attorneys' Fees for Frivolous Action)

18.     The Complaint, and each and every purported cause of action or claim alleged therein, are frivolous so that upon prevailing thereon ITW shall be entitled to an award of reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure sections 128.5 and 128.7, California Government Code section 12965, and any other applicable law.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Avoidable Consequences)

19.     The Complaint, and each and every purported cause of action or claim alleged therein, are barred, in whole or in part, by the avoidable consequences doctrine because Jesus Lopez failed to avail himself of the existing internal complaint procedures for resolution of his purported claims and unreasonably failed to timely take advantage of preventative or corrective opportunities provided by ITW or otherwise to avoid harm.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Failure to State a Claim for Punitive Damages)

20.      Plaintiff is barred from pursuing claims for punitive damages against ITW on the grounds that (i) the actions and omissions, if any, of ITW were in good faith; not malicious, oppressive, or fraudulent; and not undertaken or neglected with reckless indifference to any of Jesus Lopez's protected rights; (ii) ITW has made a good faith effort to comply, and has complied with, applicable law to prevent retaliation, harassment, and discrimination in the workplace; (iii) there was no conduct by any director, officer, or managing agent of ITW that would give rise to an award of punitive damages against ITW; and (iv) there was no ratification by ITW of any alleged unlawful conduct.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Managerial Discretion/Legitimate Business Reasons)

21.      The Complaint, and each and every purported cause of action or claim alleged therein, are barred, in whole or in part, because any and all conduct of which Plaintiff complains and that may be attributed to ITW was just and proper, taken for fair and honest reasons, in good faith and with good cause, was a legitimate exercise of managerial discretion, and was privileged under the law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (After-Acquired Evidence)

22.      The Complaint, and each and every purported cause of action or claim alleged therein, are barred, in whole or in part, on the grounds that ITW acquired evidence after-the-Complaint that would have justified the actions taken by ITW toward Plaintiff had ITW known of it at the time.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Workers' Compensation Exclusive Remedy)

23.      The Complaint, and each and every purported cause of action or claim alleged therein, are barred, in whole or in part, to the extent that Plaintiff seeks damages for injuries sustained by Jesus Lopez, as the exclusive remedy for Lopez's injuries, if any, is the California Workers' Compensation Act State of California, California Labor Code sections 3200, *et seq*. Alternatively,

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

ITW alleges that any recovery by Plaintiff or Jesus Lopez by way of a workers'-compensation claim should offset any damages, if any, to be recovered by Plaintiff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies)**

24.     The Complaint, and each and every purported cause of action or claim alleged therein, are barred, in whole or in part, as Plaintiff has failed to exhaust his administrative remedies as required before initiating a court action.

### TWENTY-FOURTHFIFTH AFFIRMATIVE DEFENSE

**(Lack of Causation)**

25.     The Complaint, and each and every purported cause of action or claim alleged therein, are barred, in whole or in part, on the grounds that Plaintiff's purported economic injuries and damages were caused by the acts and/or omissions of Jesus Lopez and/or other persons or entities other than ITW, including Jesus Lopez's own neglect, fault and bad faith in the connection with the matters alleged.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(No Recovery of Emotional Distress Damages)**

26.     The Complaint, and each and every purported cause of action or claim alleged therein, are barred, in whole or in part, as ITW had no knowledge of any peculiar susceptibility of Jesus Lopez to damage or injury from emotional distress.  The Complaint seeks damages for injuries from emotional distress caused by circumstances of which a reasonable person would have been adequately able to cope.

### TWENTY-SIXTHSEVENTH AFFIRMATIVE DEFENSE

**(Same Decision for Legitimate Reasons)**

27.     The Complaint, and each and every purported cause of action or claim alleged therein, are barred, in whole or in part, as there was no intent to violate public policy in the actions ITW took with respect to Jesus Lopez and that no illegitimate criterion was a "substantial motivating factor" as to those actions.  Further, even if Plaintiff could prove that an improper criterion was a "substantial motivating factor" for ITW's actions, Plaintiff's remedies would be limited for the reason that ITW

would have taken the same action for legitimate non-discriminatory reasons. *Harris v. Superior Court*, 56 Cal. 4th 203 (2013).

## ADDITIONAL AFFIRMATIVE DEFENSES

ITW presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses, and ITW thereby reserves its right to assert additional affirmative defenses in the event discovery or further investigation indicates such defenses would be appropriate.

**WHEREFORE,** ITW prays for judgment against Plaintiff as follows:

1.    That Plaintiff take nothing by way of the Complaint, and that the Court dismiss the Complaint be dismissed in its entirety, with prejudice;

2.    That the Court enter judgment in favor of ITW and against Plaintiff;

3.    That the Court award ITW its costs of suit and reasonable attorneys' fees incurred herein; and

4.    That the Court award such other and further relief as it deems just and proper.

Respectfully submitted,

Dated:  August 16, 2022            HOLLAND & KNIGHT LLP

By:  _/s/ John H. Haney_
        Thomas E. Hill
        John H. Haney

        Attorneys for Defendant,
        ILLINOIS TOOL WORKS INC.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

8
DEFENDANT ILLINOIS TOOL WORKS INC.'S ANSWER TO COMPLAINT

EXHIBIT C - Page 85

# EXHIBIT D

# TO HANEY DECLARATION

Case 2:22-cv-05833-JLS-MAA    Document 1-1    Filed 08/17/22    Page 91 of 96    Page ID #:102

8/17/22, 10:00 AM                          Howard Marc Ehrenberg # 125527 - Attorney Licensee Search

 The State Bar *of California*

**Howard Marc Ehrenberg #125527**
License Status: Active

Address: SulmeyerKupetz, 333 S Grand Ave, Ste 3400, Los Angeles, CA 90071-1538
Phone: 213-626-2311 | Fax: 213-629-4520
Email: hehrenberg@sulmeyerlaw.com | Website: www.sulmeyerlaw.com

## More about This Attorney ▼

**All changes of license status due to nondisciplinary administrative matters and disciplinary actions.**

| Date | License Status ⓘ | Discipline ⓘ | Administrative Action ⓘ |
|------|------------------|--------------|-------------------------|
| Present | Active | | |
| 12/11/1986 | Admitted to the State Bar of California | | |

**Additional Information:**
- About the disciplinary system

Copyright © 2022 The State Bar of California

  

https://apps.calbar.ca.gov/attorney/Licensee/Detail/125527                                    1/1

EXHIBIT D - Page 86

# EXHIBIT E

# TO HANEY DECLARATION

 **California Secretary of State**
Electronic Filing



# Corporation - Statement of Information

| | |
|---|---|
| Entity Name: | SULMEYERKUPETZ, A PROFESSIONAL CORPORATION |
| Entity (File) Number: | C0567816 |
| File Date: | 01/12/2022 |
| Entity Type: | Corporation |
| Jurisdiction: | CALIFORNIA |
| Document ID: | H108024 |

**Detailed Filing Information**

1. Entity Name:

   SULMEYERKUPETZ, A PROFESSIONAL CORPORATION

2. Business Addresses:
   a. Street Address of Principal Office in California:

   333 S. Grand Avenue, Ste. 3400
   Los Angeles, California 90071
   United States of America

   b. Mailing Address:

   333 S. Grand Avenue, Ste. 3400
   Los Angeles, California 90071
   United States of America

   c. Street Address of Principal Executive Office:

   333 S. Grand Avenue, Ste. 3400
   Los Angeles, California 90071
   United States of America

3. Officers:
   a. Chief Executive Officer:

   Howard  Ehrenberg
   333 S. Grand Avenue, Ste. 3400
   Los Angeles, California 90071
   United States of America

   b. Secretary:

   Mark  Horoupian
   333 S. Grand Avenue, Ste. 3400
   Los Angeles, California 90071
   United States of America

Document ID: H108024

# California Secretary of State
## Electronic Filing

Officers (cont'd):

    c.  Chief Financial Officer:

                    Mark   Horoupian
                    333 S. Grand Avenue, Ste. 3400
                    Los Angeles, California 90071
                    United States of America

4.  Director:

                    Howard   Ehrenberg
                    333 S. Grand Avenue, Ste. 3400
                    Los Angeles, California 90071
                    United States of America

Number of Vacancies on the Board of
Directors:

                    0

5.  Agent for Service of Process:

                    Alan  Tippie
                    333 S. Grand Avenue, Ste. 3400
                    Los Angeles, California 90071
                    United States of America

6.  Type of Business:

                    Legal Services

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

By signing this document, I certify that the information is true and correct and that I am authorized by California law to sign.

Electronic Signature:   Marianne Vega

Document ID: H108024

**California Secretary of State**
Electronic Filing

## Corporation - Attachment to Statement of Information

**List of Additional Directors:**

1.
    Mark  Horoupian
    333 S. Grand Avenue, Ste. 3400
    Los Angeles, California 90071
    United States of America

2.
    David  Kupetz
    333 S. Grand Avenue, Ste. 3400
    Los Angeles, California 90071
    United States of America

3.
    Elissa  Miller
    333 S. Grand Avenue, Ste. 3400
    Los Angeles, California 90071
    United States of America

4.
    Victor  Sahn
    333 S. Grand Avenue, Ste. 3400
    Los Angeles, California 90071
    United States of America

5.
    Alan  Tippie
    333 S. Grand Avenue, Ste. 3400
    Los Angeles, California 90071
    United States of America

6.

7.

Document ID:H108024

**PROOF OF SERVICE**

STATE OF CALIFORNIA     )
                              )   ss.
COUNTY OF LOS ANGELES )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 400 South Hope Street, 8th Floor Los Angeles, California  90071.

     On **August 17, 2022**, I caused the foregoing document described as **DELARATION OF JOHN H. HANEY IN SUPPORT OF DEFENDANT ILLINOIS TOOL WORKS INC.'S NOTICE OF REMOVAL OF CIVIL ACTION** to be served on the interested parties in this action as follows:

| |
|---|
| Tyler F. Clark, Esq.<br>CLARK EMPLOYMENT LAW, APC<br>16133 Ventura Boulevard, Suite 700<br>Encino, California 91436<br>Email:  tyler@clarkemploymentlaw.com<br><br>Attorneys for Plaintiff |

**[ X ]   (BY ELECTRONIC MAIL)**  I caused the document to be sent via electronic mail to the above listed email address and the transmission was reported as complete and without error.

**[ X ]   (BY MAIL)**  Following ordinary business practices, I placed the document for collection and mailing at the offices of HOLLAND & KNIGHT LLP, 400 S. Hope Street, 8th Floor, Los Angeles, California 90071, in a sealed envelope.  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service, and, in the ordinary course of business, such correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.

**[ X ]   (FEDERAL)**  I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made.

     Executed on **August 17, 2022**, at Los Angeles, California.

     I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

                            _Yvonne Ceballos_
                            YVONNE CEBALLOS

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450